**T & M DENTAL LAB, INC., et al.**

v.

**FIRST INDUSTRIAL BANK.**

Civ. A. No. 89–1490.

United States District Court,
E.D. Louisiana.

June 20, 1989.

Wayne H. Scheuermann, Rivers Nelson, Mollere & Flanagan, Metairie, for plaintiffs.

Edward J. Gay, III, Liskow & Lewis, Victoria K. McHenry, McGlinchey, Stafford, Mintz, Cellini & Lang, P.C., New Orleans, for defendant.

## OPINION AND ORDER

BEER, District Judge.

Plaintiffs sued defendant First Industrial Bank ("First Industrial") in Louisiana state court (24th Judicial District). Successors in interest to First Industrial subsequently took over the defense of that suit. Those successors included First National Bank ("First National"), and eventually, the Federal Deposit Insurance Corporation ("FDIC") as receiver for First National. The FDIC removed the case to this court.

Plaintiffs move to remand this action to state court. They argue that the FDIC filed its removal petition more than 30 days after it obtained a stay of state court proceedings, and thus, more than 30 days after it became a *de facto* party. Because of this late filing, plaintiffs contend that the removal was untimely.

The FDIC opposes plaintiffs' motion to remand. It contends that requesting a stay in state court did not make it a "par-

ty" to the state litigation. Only upon formal substitution did it, as First National's successor in interest, become a party. Only after this formal substitution did the matter become removable. And because the FDIC removed the action within thirty days after substitution, it maintains that removal was timely.

## I. *Opinion*

Under 28 U.S.C. § 1446(b), a defendant seeking to remove an action from federal court to state court must file a "petition for removal ... within thirty days after receipt ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is or has become removable." 28 U.S.C. § 1446(b). Thus, the thirty day removal clock starts ticking only after the following two things have happened: (1) the case has "become removable," and (2) the defendant has received a "pleading ... or other paper" indicating that the case has become removable. *Id.; Interior Glass Servs., Inc. v. FDIC*, 691 F.Supp. 1255, 1255–56 (D.Ala.1988).

A. *When the Present Action "Became Removable".*—Just when a state court FDIC suit "become[s] removable" is governed largely by 12 U.S.C. § 1819. That statute provides as follows: "[a]ll suits of a civil nature at common law ... to which the [FDIC] shall be a *party* shall be deemed to arise under the laws of the United States." *Id.* (emphasis added). Thus, once the FDIC becomes a "party" to a state action, this statute transmutes the action from one grounded in state law, to one grounded in federal law. Thereafter, the federal question removal provisions of 28 U.S.C. § 1441 authorize removal.

Here, the FDIC officially became a "party" to the state court action just two days before it filed its removal petition; just two days before removing, it filed the *ex parte* substitution motions that are a mandatory prerequisite to becoming a "party" under the Louisiana Code of Civil Procedure. *See* La.Code Civ.P. arts. 801, 805. Thus, on its face the removal petition seems valid. The case became "removable" only when the

FDIC became a "party," and within two days of becoming a "party," the FDIC removed. *See Interior Glass,* 691 F.Supp. at 1255; *FDIC v. Crowe,* 652 F.Supp. 740 (N.D.Tex.1984).

But this case presents a somewhat anomalous situation. Long before the FDIC became a party to the Louisiana state court litigation, it filed a pleading entitled: *"EX PARTE* PETITION OF RECEIVER FOR ORDER TEMPORARILY STAYING ALL PENDING CIVIL ACTIONS." The state district judge granted that motion and stayed the action—despite that the FDIC was not a "party" under the Louisiana Code of Civil Procedure. Thus, long before the FDIC became a true "party," it was actively participating in the state court suit. And under Louisiana procedure, this apparently was acceptable.[1]

Notwithstanding this apparent quirk in Louisiana civil procedure, the unambiguous language of 12 U.S.C. § 1819 suggests that removal was timely. Despite that the FDIC obtained a stay in state court, it never became a "party" within the meaning of 12 U.S.C. § 1819 until two days before removal. Thus, the case became "removable," and was removed, well-within the 30 day window of 28 U.S.C. § 1446(b).

B. *When "Removability" Became Apparent.*—The FDIC removed this case within two days after it became "removable." Thus, when it "appeared" to be removable is irrelevant.

II. *Order*

Removal was timely. Plaintiffs' motion to remand must be DENIED.

---

**1.** No Louisiana Code of Civil Procedure article expressly permits a nonparty to stay an on-going action. Nevertheless, that the Louisiana district judge granted the stay suggests that it is an acceptable state court procedure. Other than noting the apparent lack of statutory authorization for such a stay, this court will not probe further into the vagaries of Louisiana civil procedure.