**MATRIX SKI CORP., et al., Plaintiffs,**

v.

**FDIC as Manager for RESOLUTION TRUST CORPORATION as Receiver for SANDIA FEDERAL SAVINGS AND LOAN ASSOCIATION et al., Defendants.**

Civ. A. No. 3–90–0380–H.

United States District Court,
N.D. Texas,
Dallas Division.

April 16, 1990.

---

Samuel L. Boyd, Priscilla E. Perry, Boyd and Associates, Dallas, Tex., for plaintiffs.

David J. White, Godwin Carlton & Maxwell, Dallas, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

SANDERS, Chief Judge.

Before the Court is Plaintiffs' Motion to Remand, filed March 19, 1990, and Defendant Resolution Trust Corporation's (hereinafter "RTC") response, filed April 9, 1990. Plaintiffs seek to remand this case to state court on the grounds that the removal by the RTC was untimely and to the wrong district.

Plaintiffs filed their original petition in state court on January 12, 1990. The petition named the Sandia Federal Savings and Loan as defendant rather than the FDIC–Manager or the RTC. Service of the petition was effected on January 16, 1990. On February 9, 1990, the RTC filed its original answer in the state court. On February 16, 1990, the RTC removed the case to this Court.

Plaintiffs assert that the RTC's removal of this case was untimely because removal occurred beyond the 30–day time limit set out in section 21A($l$)(3) of the Federal Home Loan Bank Act[1] as enacted by section 501 of the Financial Institutions Reform, Recovery and Enforcement Act of 1989, P.L. 101–73, 103 Stat. 183 ("FIRREA"). Under section 21A($l$)(3), the 30–day period runs from the date of the filing of the suit; thus, the RTC had to remove this case by February 11, 1990, which it failed to do.

The RTC responds that section 21A($l$) is not the exclusive means by which it may remove suits. Instead, the RTC argues that it may remove cases pursuant to 12 U.S.C. § 1819(b)(2)(A),[2] which has been interpreted to limit the FDIC to 30 days to remove a case from the date of its *receipt* of the original pleading. *See MTech Corp. v. FDIC,* 729 F.Supp. 1134 (N.D.Tex.1990) (removal by FDIC under 12 U.S.C. § 1819 is subject to 28 U.S.C. § 1446(b) which requires removal within 30 days from receipt of any pleading from which it can be ascertained that case is removable). Use of the FDIC's removal procedures by the RTC is authorized, according to the RTC, since the FDIC is the statutory manager of the RTC. *See* section 501(b)(1)(C) of FIRREA. The RTC specifically relies upon the broad language in § 1819 which makes it applicable to *all* suits to which the FDIC, "in *any* capacity," is a party. This language, as well as the broad policy goal behind FIRREA of providing the financial regulatory agencies with increased power to manage the nation's failed financial institutions, supports an interpretation of § 1819 as applying to suits in which the FDIC acts as manager of the RTC. The two provisions, according to the RTC, are "complementary

---

1. That provision reads:

   (3) REMOVAL AND REMAND.—The Corporation [RTC] may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States District Court for the District of Columbia, or if the action, suit, or proceeding arises out of the actions of the Corporation with respect to an institution for which a conservator or a receiver has been appointed, the United States district court for the district where the institution's principal business is located. The removal of any action, suit, or proceeding shall be instituted—

   (A) not later than 90 days after the date the Corporation is substituted as a party, or

   (B) not later than 30 days after the date suit is filed against the Corporation, if such suit is filed after the date of enactment of [FIRREA].

2. That provision reads:

   (2) Federal court jurisdiction

   (A) In general

   Except as provided in subparagraph (D), all suits of a civil nature ... to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States.

   (B) Removal

   Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court.

or supplemental removal rights that would encompass all the roles which FDIC would perform under FIRREA ..." Thus, since the RTC was empowered to remove this case under § 1819, the removal was timely. RTC's Brief at 7.

■ The RTC's response is insufficient for a variety of reasons. First, the RTC did not rely upon 12 U.S.C. § 1819 in its notice of removal, so that its argument that the provision provides a basis for removal is belated. On this ground alone, the motion to remand may be granted.

■ Second, the RTC's construction of these two provisions is contrary to common sense: Congress intended to apply certain removal provisions to the RTC, and others to the FDIC. It is important to note that the removal provisions are substantially different: under 12 U.S.C. § 1819, the FDIC may remove suits in which it is involved to "the appropriate district court," but under section 21A(*l*)(3), suits involving the RTC may *only* be removed to the United States District Court for the District of Columbia, or to the district in which the failed institution's principal business is located. Why would Congress bother to write separate and very different removal provisions for suits involving the RTC and the FDIC unless it intended them to have some effect? Since the FDIC is always the manager of the RTC, the RTC's theory would allow it to pick and choose among these statutes. Such an interpretation contravenes the explicit wording of section 21A(1) and will not be adopted by this Court. *See Resolution Trust Corporation v. Key*, 733 F.Supp. 1086, 1090 n. 7 (N.D. Tex.1990) (section 21A(*l*) is exclusive removal provision for cases involving RTC).

■ Plaintiffs argue further, and the Court agrees, that the case must also be remanded because the RTC removed it to the wrong district. As stated above, removal of a case involving the RTC may only be had either to the United States District Court for the District of Columbia or to the federal district court in the district in which the failed institution's principal place of business is located. Section 21A(*l*)(3); *Key, supra,* at 1091. Since San-

dia's principal place of business is Albuquerque, New Mexico, removal to the Northern District of Texas is clearly not allowed under the statute.

Accordingly, Plaintiff's Motion is GRANTED, and the case is REMANDED to the 298th Judicial District, Dallas County, Texas. Costs of removal are taxed against the RTC.

SO ORDERED.