**MOUNTAIN RIDGE STATE BANK, Plaintiff,**

v.

**INVESTOR FUNDING CORPORATION, et al., Defendants.**

Civ. A. No. 91–80.

United States District Court, D. New Jersey.

March 21, 1991.

John G. Geppert, Jr., Wiley, Malehorn & Sirota, Morristown, N.J., for plaintiff F.D. I.C.

Gary Trachten, Kudman & Trachten, New York City, for defendants Daniel H. Cohen, Louis L. Cregler, Paul Glaser, Carolyn Glaser, John J. Keelin, Betty A. Keelin, Howard Kitain, Sandra Kitain, Ursala Meyer, Jose Saavedra and Angela Saavedra.

David R. Rudd, Rudd and Poss, South Orange, N.J., for defendants Mahesh Agashiwala, Loma Agashiwala, Mukesh Ajmera, Dina Ajmera, Avinash Bapat, Shahsultan Bapat, Custodians of Anil Bapat, Robert Beckerle, Elgene Beckerle, Samuel J. Berman, Anand M. Dhanda, Russel J. Dunlop, Linda Dunlop, Robert A. Emmett, John R. Everitt, Peter J. Ferrara, Consuelo C. Ferrara, Manhar Ghandi, Daksha Ghandi, Jean Goddard, William Goddard, Mandukant Gosalia, Eugene McCloskey, Jayaprakash Modi, Subramanian Natarajan, James L. Nolan, Mary E. Nolan, William Nurse, Phyllis Nurse, Elliot Palmer, Shirish C. Parikh, Chhaya Parikh, David Rand, Rhonda Rand, Samuel Klein and Co., Paul Taenzler, Warren Lieberman, Marvin Gottlieb, Joseph Faccone, Jerome Fien, John Dashuta, Howard Ehrlich, James Tennant, George Huss, Nathan Honig, Estate of Frederick M. Stern, Subramanian Sundaraman, Trygve S. Vik, Sharadkuman Saraiya, Raksha Saraiya, Subodhchandra Trivedi, Sudha Trivedi, James R. Baehler and Jeffrey Singer.

## OPINION

LECHNER, District Judge.

This matter is before the court on the motion of certain defendants (the "Moving Defendants") to remand .this case to the

Superior Court of New Jersey, Law Division, Essex County (the "Superior Court").[1] For the reasons set forth below, the motion is granted.

### Facts and Procedural History

The plaintiff, Mountain Ridge State Bank ("Mountain Ridge"), is a New Jersey banking corporation. FDIC Brief at 1. Mountain Ridge had entered into a two participation agreements with defendant Investor Funding Corporation ("IFC") whereby IFC transferred all of its rights and obligations with respect to numerous promissory notes (the "Notes") to Mountain Ridge. Id.

The Notes were executed by, among others, the Moving Defendants. Id.; Defendants' Brief at 1. The Moving Defendants claim the proceeds of the Notes were paid not to them directly, but to partnerships in which they had invested. Defendants' Brief at 1. The Moving Defendants claim they ceased to make payments due and owing under the Notes when they discovered that the partnerships were in fact part of "ponzi scheme" involving IFC and defendant John Kimble. Id.

Subsequently, Mountain Ridge commenced an action on 22 August 1989 in the Superior Court to recover for the Moving Defendants' default under the Notes. Id. at 2; FDIC Brief at 1. The Moving Defendants answered Mountain Ridge's complaint and asserted, among other things, the affirmative defenses of fraud and failure of consideration. Defendants' Brief at 2. On 4 October 1990, after a series of motions in the Superior Court, the defendants, represented by the law firm of Kudman & Trachten ("Kudman"), were granted leave to amend their answer to assert counterclaims against Mountain Ridge for rescission and restitution. Id. at 2–3.

On 5 October 1990, the Commissioner of Banking of the State of New Jersey declared Mountain Ridge insolvent and appointed and confirmed the FDIC as receiver pursuant to N.J.S.A. 17:9A–272(D).[2] Defendants' Brief at 3; FDIC Brief at 3–4. On the same day, the FDIC filed an ex parte application in the Superior Court pursuant to 12 U.S.C. § 1821(d)(12)[3] for a ninety-day stay of all proceedings in the Superior Court to which Mountain Ridge was a party. FDIC Brief at 4; Defendants' Brief at 3. The FDIC's ex parte application was apparently made in a proceeding separate from the action to enforce the Notes. Defendants' Brief at 3; FDIC Brief at 3. The application for the stay, however, was heard by Hon. Paul B. Thompson, who was the Judge in the Superior Court before whom the action to enforce the Notes was pending. FDIC Brief at 3. Judge Thompson, by an Order, dated 9 October 1990, stayed until 3 January 1991 all cases or matters in the Superior Court in which Mountain Ridge was a party. FDIC Brief at 3; Defendants' Brief at 3. The Moving Defendants did not learn of the stay until 20 November 1990, when they received from the law firm of Wiley, Malehorn & Sirota ("Wiley") a copy of the Order granting a stay. FDIC Brief at Exhibit L.

---

1. The Moving Defendants have submitted the following in support of the motion to remand: Brief in Support of Motion to Remand ("Defendants' Brief"); and Affidavit of Gary Trachten, Esq., sworn to on 29 January 1991. Certain other defendants have joined in the motion. See Letter from David R. Rudd, Esq., dated 31 January 1991. The Federal Deposit Insurance Corporation ("FDIC") has submitted the following in opposition: Brief in Support of Plaintiff's Notice of Removal ("FDIC Brief"); Plaintiff's Reply Brief; Certification of Dennis G. Bacsik, Esq., dated 22 January 1991 (Bacsik Certification"); and Affidavit of John G. Geppert, Jr., Esq., sworn to on 1 February 1991.

2. The Superior Court, Appellate Division, has apparently retained jurisdiction to determine whether the appointment of the FDIC as a receiver was proper. Defendants' Brief at 4.

3. Section 1821(d)(12) provides, in pertinent part:

**(12) Suspension of legal actions**
**(A) In general**
After the appointment of a conservator or receiver for an insured depository institution, the conservator or receiver may request a stay for a period not to exceed—

. . . . .

**(ii)** 90 days, in the case of any receiver, in any judicial action or proceeding to which such institution is or becomes a party.
12 U.S.C. § 1821(d)(12)(A).

It is apparent from various orders of the Superior Court that Wiley represented Mountain Ridge in this case in state court prior to the appointment of the FDIC. *See* FDIC Brief at Exhibits C, D, E & F. For example, in a letter-opinion, dated 4 October 1990, Judge Thompson declined to grant Mountain Ridge's motion for summary judgment. FDIC Brief at Exhibit G. The letter-opinion was addressed to Wiley. *Id.*

It does not appear Wiley had been *formally* retained by the FDIC to handle any Mountain Ridge litigation at the time Wiley sent a copy of the Order granting the stay to the Moving Defendants. By a letter sent to Wiley, dated 13 November 1990, the FDIC stated it was attempting to ascertain whether Wiley was qualified to represent the FDIC in the Mountain Ridge cases pending in the Superior Court. FDIC Brief at Exhibit K. Although that letter did not specifically refer to this case, the letter did state that Wiley should "continue to handle" the unspecified Mountain Ridge cases discussed in a meeting between Wiley and the FDIC on 7 November. *Id.*

On 24 December 1990, the FDIC directed Wiley to commence proceedings to remove this case from state to federal court. FDIC Brief at Exhibit M. The FDIC desired removal because it anticipated the defendants represented by Kudman would assert a counterclaim. *Id.* It is assumed that sometime in December 1990, Wiley was formally retained to continue as counsel for the FDIC on this matter. *See* Geppert Affidavit at ¶ 10.

■ On 3 January 1991, the FDIC filed its Notice of Removal with this court. On 15 January 1991, the parties appeared for a status conference at which time the parties discussed whether the removal from state to federal court was appropriate.[4]

### Discussion

The Moving Defendants oppose removal of this case to federal court and seek remand to the Superior Court. The Moving Defendants contend removal is improper for several reasons. First, the Moving Defendants contend removal is precluded because this is a "state action" involving purely state law. Defendants' Brief at 6. Second, the Moving Defendants contend the notice of removal was untimely. *Id.* at 7. Third, they contend the stay was improperly obtained. *Id.* at 13. Last, the Moving Defendants contend this court should decline or defer exercise of jurisdiction because the Superior Court has retained jurisdiction to determine whether appointment of the FDIC as receiver was appropriate. *Id.* at 15. The FDIC disputes all of these contentions.

### A. Removal Under 12 U.S.C. § 1819

#### 1. Standard of Review

The FDIC may seek the removal from state to federal court of a case in which the FDIC is a party.[5] 12 U.S.C. § 1819(b)(2)(B) (as amended by the Financial Institutions Reform, Recovery and Enforcement Act of 1989, Pub.L. No. 101-73, § 209, 103 Stat. 183 (1989) ("FIRREA"), codified, as amended, at 12 U.S.C. § 1819(b)(2)(B)). Any case in which the FDIC is a party has been deemed by Congress to arise, except in certain circumstances, under the laws of the United States.[6] *Id.* at § 1819(b)(2)(A). An action does not arise under the laws of the United States when it is an action:

from a State court to the appropriate United States district court.

12 U.S.C. § 1819(b)(2)(B).

4. It is also appropriate for the court to inquire, *sua sponte*, whether it has subject matter jurisdiction. *Medlin v. Boeing Vertol Co.*, 620 F.2d 957, 958 & 960 (3d Cir.1980); *see also Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991).

5. Section 1819(b)(2)(B) provides, in pertinent part:

... the [FDIC] may, without bond or security, remove any action, suit, or proceeding

6. Section 1819(b)(2)(A) provides, in pertinent part:

... all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States.

12 U.S.C. § 1819(b)(2)(A).

**(i)** to which the [FDIC], in the [FDIC]'s capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;

**(ii)** which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and

**(iii)** in which only the interpretation of the law of such State is necessary.

*Id.* at § 1819(b)(2)(D). Section 1819(b)(2)(D) is not to be construed, however, to limit a federal court's jurisdiction when the State insured depository institution could have invoked the jurisdiction of federal courts in the action. 12 U.S.C. § 1819(b)(2)(E).

2. State Action Under 12 U.S.C. § 1819

The Moving Defendants contend that this action is excluded from removal because the counterclaims they have asserted turn this action into an action arising under state, not federal, law. Defendants' Brief at 7. This contention, however, has no merit.

There are few cases interpreting Section 1819(b)(2)(D). None of the cases directly address the relevant issue here or even the issue of whether each of the subsections must be met for removal to be barred. From the plain language of Section 1819(b)(2)(D), however, it appears each subsection must be met because subsection (ii) ends with an "and." *See Bruce v. First Fed. Sav. & Loan Ass'n,* 837 F.2d 712, 715 (5th Cir.1988) ("The word 'and' is therefore to be accepted for its conjunctive connotation rather than as a word interchangeable with 'or' except where strict grammatical construction will frustrate clear legislative intent."). Consequently, the *Moving Defendants'* assertion that this action is not removable on the basis of Section 1819(b)(2)(D) will fail if they cannot show any of the three subsections are met.

The Moving Defendants argue this action involves only state law and the preclosing rights of the Moving Defendants against Mountain Ridge on the Notes. Defendants' Brief at 6. Assuming that this action is indeed one involving only state law, the relevant issue then is whether the FDIC is a party other than plaintiff. 12 U.S.C. § 1819(b)(2)(D)(i).

■ The FDIC, as receiver, has succeeded to all the rights and obligations of Mountain Ridge. Bacsik Certification at ¶ 9. Thus, the FDIC will litigate this action on behalf of Mountain Ridge, the plaintiff. Consequently, the FDIC is a party in this action in its capacity as the plaintiff.

In addition, the mere assertion of counterclaims by the Moving Defendants does not vitiate the FDIC's status as plaintiff and turn this action into a state action. In *FDIC v. Kasal,* 913 F.2d 487 (8th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 1072, 112 L.Ed.2d 1178 (1991), it was held that federal courts have jurisdiction to hear counterclaims asserted against the FDIC based on state law. *Kasal,* 913 F.2d at 493. Although *Kasal* addressed the issue of when state law governs a case, it suggests counterclaims do not hinder the FDIC's access to federal courts. Consequently, the Moving Defendants' contention that this is a nonremovable state action is without merit.

3. Timeliness of Removal Under 12 U.S.C. § 1819

Section 1819 does not, on its face, limit the time in which the FDIC may remove an action. The FDIC contends a reasonable period should be read into Section 1819, rather than the thirty day period set forth in the general federal removal statute, 28 U.S.C. § 1446(b).[7] FDIC Brief at 4. The FDIC suggests that ninety days is a reasonable time because Congress has allowed the Resolution Trust Corporation ("RTC") ninety days in which to seek removal in

---

**7.** It is interesting to note the incongruity of the FDIC's attempt to avoid application of Section 1446 when its own notice of removal invokes

that section. *See MTech Corp. v. FDIC,* 729 F.Supp. 1134, 1136 (N.D.Tex.1990).

similar actions.[8] *Id.* (citing 12 U.S.C. § 1441a(*l*)(3)). In the alternative, the FDIC suggests that a reasonable period would be no less than the thirty days allowed under the general federal removal statute. *Id.* (citing 28 U.S.C. § 1446(b)). Under either suggestion, the FDIC contends the removal period should begin running only upon the expiration of the ninety day stay of proceedings to which the FDIC is entitled under 12 U.S.C. § 1821(d)(12)(B). FDIC Brief at 8–9.

The Moving Defendants argue the proper time period for removal is the thirty day limit under 28 U.S.C. § 1446(b) and the period commences running either when the FDIC is appointed receiver or when the FDIC acquires knowledge of the existence of a removable action. Defendants' Brief at 9–13. The Moving Defendants also contend that a stay of proceedings does not toll the running of the limitations period. *Id.* at 10–13.

a. *Removal Under 28 U.S.C. § 1446*

Under the general federal removal statutes, an action brought in state court can be removed by defendants to the federal district court encompassing the state court if that federal district court would have had original jurisdiction. 28 U.S.C. § 1441(a).[9] A defendant seeking to remove a case must file "a notice of removal ... containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served...." 28 U.S.C. § 1446(a).[10]

Section 1446 provides a thirty day limitations period for removal. 28 U.S.C. § 1446(b). The notice of removal must be filed within thirty days after receipt by service of process or otherwise of the initial pleading setting forth the basis for removal.[11] *Id.* If the initial pleading does not reveal a basis for removal, then the notice of removal may be filed within thirty days of receipt by any means of an amended pleading, motion, order or other paper which indicates the case is removable. *Id.*

 The thirty day limitation is mandatory and cannot be extended by the court. *Balestrieri v. Bell Asbestos Mines, Ltd.*, 544 F.Supp. 528, 529 (E.D.Pa.1982); *Typh, Inc. v. Typhoon Fence of Penn., Inc.*, 461 F.Supp. 994, 996 (E.D.Pa.1978); *see also Northern Ill. Gas Co. v. Airco*

---

**8.** The Resolution Trust Corporation was created by Congress to manage federally insured depository institutions for which a receiver or conservator has been appointed. *See* 12 U.S.C. § 1441a.

**9.** Section 1441(a) provides, in pertinent part:

Except as otherwise expressly provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.... 28 U.S.C. § 1441(a).

**10.** Section 1446(a) provides:

A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all pro-

cess, pleadings, and orders served upon such defendant or defendants in such action. 28 U.S.C. § 1446(a).

**11.** Section 1446(b) provides:

The notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action. 28 U.S.C. 1446(b).

*Indus. Gases Div. of Airco Inc.*, 676 F.2d 270, 273 (7th Cir.1982); *Courtney v. Benedetto*, 627 F.Supp. 523 (M.D.La.1986). Moreover, the thirty day period does not commence running from when the party seeking removal has actual knowledge of the propriety of removal; all that is required is the receipt of a paper indicating removal is proper. *Rowe v. Marder*, 750 F.Supp. 718, 721 (W.D.Pa.1990). Consequently, the party seeking removal cannot attempt to excuse an untimely filing of the notice of removal by claiming that he did not read the paper or that the paper was somehow incomplete. *Id.*

■ A case may be remanded to state court on the ground of a defect in the removal procedure. 28 U.S.C. § 1447(c).[12] Failure to file a notice of removal within the thirty day limitations period is cause for remand. *Capone v. Harris Corp.*, 694 F.Supp. 111, 112 (E.D.Pa.1988); *Blow v. Liberty Travel, Inc.*, 550 F.Supp. 375, 375–76 (E.D.Pa.1982).

■ The party seeking removal has the burden of showing that federal subject-matter jurisdiction exists, filing of the notice of removal was timely and that removal is proper. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991); *Steel Valley Authority v. Union Switch and Signal Division, Amer. Standard, Inc.*, 809 F.2d 1006, 1011 (3d Cir.1987), *cert. dism'd*, 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988); *Capone*, 694 F.Supp. at 112. "The removal statutes 'are to be strictly construed against removal and all doubts are to be resolved in favor of remand.'" *Boyer*, 913 F.2d at 111 (quoting *Steel Valley*, 809 F.2d at 1010).

b. *The Removal Limitations Period Under 12 U.S.C. § 1819*

■ Courts which have considered the issue of whether Section 1446 governs the time for removal pursuant to Section 1819(b)(2)(B) agree that the section does in fact apply. *See, e.g., In re Meyerland Co.*, 910 F.2d 1257, 1264 (5th Cir.1990) (Higginbotham, J., concurring); *FDIC v. Loyd*, 744 F.Supp. 126, 128 (N.D.Tex.1990); *Hunter's Run, I, Ltd. v. Arapahoe County Public Trustee*, 741 F.Supp. 207, 207 (D.Colo.1990); *MTech Corp. v. FDIC*, 729 F.Supp. 1134, 1136 (N.D.Tex.1990); *FDIC v. Taylor*, 727 F.Supp. 326, 328 (S.D.Tex. 1989); *FDIC v. Norwood*, 726 F.Supp. 1073, 1075 (S.D.Tex.1989).

Section 1819(Fourth) of Title 12 of the United States Code was the predecessor to Section 1819(b)(2)(B). *See* 12 U.S.C. § 1819(Fourth), amended by FIRREA, Pub.L. No. 101–73, § 209, 103 Stat. 183, 216–17 (codified, as amended, at 12 U.S.C. § 1819(b)(2)(B)). In decisions involving Section 1819(Fourth), courts uniformly held that Section 1446 governed removal. *See, e.g., Bowen v. FDIC*, 915 F.2d 1013, 1014–15 (5th Cir.1990); *Kasal*, 913 F.2d at 489; *In re Franklin Nat'l Bank Sec. Litig.*, 532 F.2d 842, 843 (2d Cir.1976); *T & M Dental Lab, Inc. v. First Indus. Bank*, 714 F.Supp. 798, 799 (E.D.La.1989); *Heafitz v. Interfirst Bank*, 711 F.Supp. 92, 94–95 (S.D.N.Y.1989); *Yankee Bank for Finance & Savings, FSB v. Hanover Square Associates-One L.P.*, 693 F.Supp. 1400, 1410 (N.D.N.Y.1988); *FDIC v. The Atlantic Org., Inc.*, 682 F.Supp. 5, 7 (D.P.R.1988). Section 1819(Fourth) contained the language that the FDIC may remove "by following any procedure for removal now or hereafter in effect." 12 U.S.C. § 1819(Fourth). Consequently, courts looked to the general federal removal statutes because they were the removal procedures then in effect. *See In re Franklin*, 532 F.2d at 846.

With FIRREA, Congress eliminated the language referring to removal procedures

---

12. Section 1447(c) provides, in pertinent part:
 A motion to remand the case on the basis of a defect in removal procedure must be made within thirty days after filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal....
 28 U.S.C. § 1447(c).

in effect. *See* FIRREA, Pub.L. No. 101–73 at § 209, 103 Stat. at 216–17. Significantly, Congress did not replace that language with any other language indicating the proper procedures for removal. In this regard, "Congress is presumed to be aware of an administrative or judicial interpretation of a statute and to adopt that interpretation when it re-enacts a statue without change." *Lorillard v. Pons*, 434 U.S. 575, 580, 98 S.Ct. 866, 870, 55 L.Ed.2d 40 (1978) (citations omitted). As well, "if Congress intends for legislation to change the judicial interpretation of a judicially created concept, it makes that intent specific." *Midlantic Nat'l Bank v. New Jersey Dep't of Environmental Protection*, 474 U.S. 494, 501, 106 S.Ct. 755, 759, 88 L.Ed.2d 859 (1986).

In this situation, Congress left a lacuna in the FIRREA as to the procedure for removal. Even though Section 1819 was not re-enacted verbatim, it is presumed Congress was aware of the way courts had applied Section 1446 to Section 1819(Fourth). Absent any indication otherwise, it is also presumed Congress intended that a Section 1819(b)(2)(B) removal should be governed by 28 U.S.C. § 1446.

The FDIC has failed to demonstrate Congress intended to eliminate the thirty day limitation. Plainly, had Congress wanted to, it could have done so. For example, Section 1819 diverges from the general federal removal statutes in that Section 1819 allows removal by the FDIC when it is a plaintiff, whereas the general federal removal statutes allow for removal only by defendants. *Compare* 12 U.S.C. § 1819(b)(2)(B) *with* 28 U.S.C. 1441. Clearly Congress, when it wanted to expand the FDIC's removal power, explicitly provided as much. *In re Meyerland Co.*, 910 F.2d 1257, 1264 (5th Cir.1990). Nothing in the legislative history of FIRREA, however, indicates Congress intended to uncouple the FDIC's removal powers from the general federal removal statutes. *See* FIRREA, Pub.L. No. 101–73, 103 Stat. 183, *passim.*

The FDIC's reliance on the RTC removal limitations period is inapposite. Congress created distinctly different procedures for removal for the FDIC and the RTC. *Matrix Ski Corp. v. FDIC*, 734 F.Supp. 763, 765 (N.D.Tex.1990). For example, Section 1819 allows removal to any federal court, while suits involving the RTC can be removed only to the District of Columbia under 12 U.S.C. § 21A(*l*)(3). *Matrix*, 734 F.Supp. at 765. Moreover, Congress explicitly provided for a removal limitations period for the RTC, 12 U.S.C. 1441a(*l*)(3), whereas Congress declined to do so for the FDIC. *RTC v. Key*, 733 F.Supp. 1086, 1089–90 (N.D.Tex.1990). The removal provisions for the RTC and the removal provisions for the FDIC are not interchangeable. *Key*, 733 F.Supp. at 1090 n. 7.

In *MTech*, the FDIC attempted to advance the same arguments it makes here. There the FDIC argued the elimination of the language referring to removal procedures in effect indicated Congress intended to broaden the FDIC's removal powers and that a reasonable limitations period such as the ninety day RTC period should be applied. 729 F.Supp. at 1136 & 1136 n. 4. The court rejected those arguments, stating:

This Court cannot countenance such a reading of FIRREA. If Congress had sought to insulate the FDIC from § 1446(b)'s time restrictions, it could have explicitly said so. Nowhere is there a "reasonableness" standard set out in the amended statute. Nor can one find a word mentioned in the voluminous legislative history that accompanied the act as to the applicability or inapplicability of § 1446(b); these materials make but a scant general reference which affirms the FDIC's authority to remove certain state court proceedings. This general affirmance seems the better interpretation of FIRREA's slightly modified language. Moreover, taken to its logical extreme, the FDIC's argument would mean that it need not comply with any provisions of the general removal statute, including the requirement that a removing party file a notice of removal.

*Id.* at 1136 (citations omitted). *Accord Norwood*, 726 F.Supp. at 1075.

Because Congress failed to otherwise provide, removal under Section 1819(b)(2)(B) is governed by the general federal removal statute 28 U.S.C. § 1446. *Accord In re Meyerland,* 910 F.2d at 1264; *Loyd,* 744 F.Supp. at 128; *Hunter's Run,* 741 F.Supp. at 207; *Norwood,* 726 F.Supp. at 1075; *MTech,* 729 F.Supp. at 1136; *Taylor,* 727 F.Supp. at 328. "A party contending that legislative action changed settled law has the burden of showing that the legislature intended such a change." *Green v. Bock Laundry Mach. Co.,* 490 U.S. 504, 521, 109 S.Ct. 1981, 1991, 104 L.Ed.2d 557 (1989). The FDIC has failed to meet this burden of showing that Congress intended to uncouple Section 1819 from Section 1446.

c. *Commencement of the Removal Limitations Period*

Because the thirty day limitations period derives from Section 1446, it must be applied in a manner consistent with Section 1446. Consequently, the limitations period commences upon receipt by the FDIC of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b); *see, e.g., MTech,* 729 F.Supp. at 1135.

Other courts have ruled differently. Some have held the limitation period commences as soon as the FDIC is appointed receiver. *See, e.g., Loyd,* 744 F.Supp. at 128–29; *Norwood,* 726 F.Supp. at 1076; *see Structural Sys., Inc. v. Sulfaro,* 687 F.Supp. 22, 23 (D.Mass.1988) (decided under 12 U.S.C. § 1819(Fourth)). This approach, however, may not comport with Section 1446. Section 1819(b)(2)(B) gives the FDIC the *power* to remove a case. 12 U.S.C. § 1819(b)(2)(B). Importantly, an order appointing the FDIC as receiver for a bank may not outline the specific actions in which that bank was a party. Here, for example, the order of the New Jersey Commisioner of Banking appointing the FDIC

as receiver does not set forth any details about the Mountain Ridge action to enforce the Notes. *See* FDIC Brief at Exhibit H. Therefore, an order appointing the FDIC as receiver, when it does not mention any specific litigation, would not place the FDIC on notice that a particular case is removable; it only places the FDIC on notice that it has the power to remove.[13]

Others courts have held the limitations period begins when the FDIC is formally substituted as a party. *See, e.g., T & M Dental Lab,* 714 F.Supp. at 799–800 (decided under 12 U.S.C. § 1819(Fourth)); *Heafitz,* 711 F.Supp. at 95 (decided under 12 U.S.C. § 1819(Fourth)). The court in *T & M Dental Lab* based its holding on the language in Section 1819(b)(2)(A) that any action in which the FDIC is a "party" arises under the laws of the United States. 714 F.Supp. at 799.

Such a constricted reading of Section 1819, however, does not comport with Section 1446. Neither Section 1819 nor Section 1446 explicitly require the FDIC be formally substituted as a party before removal is proper. Moreover, the FDIC's interest in an action comes into being at the moment it is appointed as receiver, not at the moment it is formally substituted. To hold that the thirty day limitations period commences running only when the FDIC is formally substituted allows the FDIC to ignore an initial pleading or other paper which indicates removal is proper. *MTech,* 729 F.Supp. at 1135 (citing *FDIC v. Brooks,* 652 F.Supp. 745, 746 (N.D.Tex.1988)). There is no policy, however, that justifies allowing the FDIC to delay removal of a case it knows can be properly removed until the moment the FDIC is formally substituted. *Brooks,* 652 F.Supp. at 746.

Section 1446 should govern when the limitations period commences because Section 1446 governs the limitations period for removal. *MTech,* 729 F.Supp. at 1135. As stated above, Section 1446 provides that the limitations period commences by receipt

---

**13.** Significantly, an order appointing the FDIC as receiver by its very nature places the FDIC on notice that it may remove an action pursuant to Section 1819. Accordingly, once on notice of its removal power, the FDIC should exercise additional care to ensure that cases are removed promptly.

through service or otherwise of either an initial pleading or "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Consequently, after appointment as a receiver which grants removal power, the FDIC must remove a case within thirty days of when it receives through service of process or otherwise a pleading or other paper which reveals that removal is appropriate. It therefore must be determined whether a stay under Section 1821 tolls the running of the removal period and when the FDIC received a paper revealing removal is proper in this case.

### d. *Tolling the Removal Limitations Period with a Stay Under 12 U.S.C. § 1821*

The tolling issue appears to be one of first impression.[14] A stay is granted in order to give the FDIC "breathing room" to familiarize itself with the case. *Taylor,* 727 F.Supp. at 328. "The appointment of a conservator or receiver can often change the character of litigation; the stay gives the FDIC a chance to analyze the pending matters and decide how best to proceed." H.R.Rep. No. 54(I), 101st Cong., 1st Sess. 331 (1989), *reprinted in* 1989 U.S.Code Cong. & Admin.News 86, 127.

■ This goal, however, is not necessarily impeded if a stay is deemed not to toll the removal limitations period. If a stay does not toll the removal limitations period, then the FDIC would be forced to remove the case prior to or contemporaneously with seeking a stay. *Norwood,* 726 F.Supp. at 1076–77. Forcing the FDIC to remove prior to seeking a stay would not cause the FDIC to be prejudiced because a stay obtained after removal would still permit the FDIC to familiarize itself with the case. *See id.* at 1076.

Removal does not require an intimate knowledge of a case; all that it requires is some sort of awareness that the case is removable. *See* 28 U.S.C. 1446(b). This can be determined upon receipt by any means of a paper relating to the case. *Id.* Moreover, prior removal should not hinder the granting of a stay if the FDIC moves for a stay immediately after removal. Only if the FDIC unnecessarily delays in seeking a stay or if the FDIC has already substantially participated in the case will a stay be denied. *See, e.g., Hunter's Run,* 741 F.Supp. at 208; *Tuxedo Beach Club Corp. v. City Federal Sav. Bank,* 729 F.Supp. 1508, 1510 (D.N.J.1990); *Taylor,* 727 F.Supp. at 327.

Given that the thirty day period in Section 1446 is mandatory, this construction is consistent with both the stay and removal statutes. Consequently, a stay of proceedings under Section 1821 should not toll the limitations period of Section 1446(b) as applied to Section 1819(b)(2)(B).

### e. *The FDIC's Notice of Removal*

■ Here, the FDIC filed its notice of removal on 3 January 1991. Because the stay of proceedings ordered by the Superior Court does not toll the running of the thirty day limitations period, the next relevant issue is when did the FDIC first receive by service of process or otherwise an initial pleading or other paper which indicated removal was possible.

On 5 October 1990, the FDIC was appointed receiver. FDIC Brief at 3. As discussed above, the order of the New Jersey Commissioner of Banking appointing the FDIC as receiver did not state that Mountain Ridge was involved in any particular litigation. *See* FDIC Brief at Exhibit H. It is therefore assumed at that point in time the FDIC did not know specifically what actions were pending in the state courts with respect to Mountain Ridge. *See* Bacsik Certification at ¶ 6 ("Immediately after the Commissioner closed the Bank, the [FDIC] sought 90–day stays of action in various courts where it had reason to believe the Bank was engaged in litigation"). In other words, while the FDIC had the power to remove this action on 5 Octo-

---

**14.** The court in *MTech* pointed out that there might be merit to the FDIC's argument that a thirty day limitations period would be inconsistent with the ninety day stay provision but declined to address the issue. 729 F.Supp. at 1136 n. 5.

ber, it could not exercise that power because the order appointing it as receiver did not refer to this action. Accordingly, the thirty day limitations period did not commence running in this case on the date the FDIC was appointed receiver. At that point in time, however, when the FDIC knew of its removal power with respect to Mountain Ridge litigation, it should have examined Mountain Ridge files with a view towards removal.

An argument can be made that the removal period commenced running when the FDIC was appointed receiver because Wiley, the firm which represented Mountain Ridge, was in possession of papers indicating this case was removable. *See Rowe*, 750 F.Supp. at 721 (mere possession, not actual knowledge, commences running of the removal period). Thus, even though the FDIC might not have reviewed those papers on the date of appointment, Wiley, as Mountain Ridge's and the FDIC's agent, could have exercised the FDIC's removal power. It is unclear, however, that Wiley was in fact the FDIC's agent at the time the FDIC was appointed receiver. Consequently, it is assumed Wiley could not exercise the FDIC's removal power on 5 October.

On 13 November 1990, the FDIC informally requested Wiley to "handle" certain cases involving Mountain Ridge. FDIC Brief at Exhibit K. Although the letter which makes this requests does not so specify, the FDIC has conceded that Wiley was to handle this case. FDIC Brief at 4. The FDIC also requested copies of the files relating to Mountain Ridge litigation in Wiley's possession. FDIC Brief at Exhibit K. It therefore appears that this is the first point in time that the FDIC knew of this litigation. This conclusion is further buttressed by the fact that Wiley represented Mountain Ridge in this case prior to the appointment of the FDIC as receiver. *See* FDIC Brief at Exhibits C, D, E & F (orders of Superior Court predating FDIC's appointment indicating Wiley represented Mountain Ridge). Wiley therefore had an intimate knowledge of this case and certainly was in a position to discuss with the FDIC the propriety of removal. Consequently, the removal of this case was untimely because it was not removed until fifty-one days after 13 November.

Even if the FDIC did not know of this case on 13 November, it certainly had a sufficient opportunity to make that determination by the time it mailed a copy of the stay to the Moving Defendants one week later on 20 November. *See* FDIC Brief at 4. Because Wiley had represented Mountain Ridge prior to the FDIC's appointment, Wiley would have been in a position to discuss the details of this case with the FDIC. On 1 November 1990, Wiley, on the FDIC's behalf, returned a copy of the order granting the stay to the Superior Court Judge before whom this action was pending. *Id.* at 4. It is clear, therefore, that during the almost three week period between 1 November and 20 November, the FDIC had ample opportunity to discuss this case with Wiley. Even if the FDIC had not received the Mountain Ridge files it had requested, the FDIC had sufficient information to determine who was the Superior Court Judge and who were the opposing counsel in this action. Accordingly, the FDIC had sufficient information to determine whether this action was removable. Under these circumstances, removal of this action was untimely.[15]

### 4. The Pending Appeal

The Moving Defendants suggest this court should defer the exercise of jurisdiction until after the hearing in the Appellate Division of the Superior Court on the propriety of the appointment of the FDIC as receiver. Defendants' Brief at 15–16. There is no need, however, to consider this suggestion because the FDIC's notice of removal was untimely filed. However, it is doubtful the state court, appellate division or otherwise, had any authority after removal. In point of fact, the removal statute is clear that after removal is effected, "the State court shall proceed no further

---

**15.** Because the FDIC's notice of removal was untimely filed, the question of whether the stay was properly obtained does not need to be considered. *See* Defendants' Brief at 14–15.

unless and until the case is remanded." 28 U.S.C. § 1446(d).

*Conclusion*

For the reasons set forth above, the FDIC's notice of removal was filed beyond the thirty day limitation under 28 U.S.C. § 1446(b). Consequently, removal is improper and this case must be remanded to the Superior Court of the State of New Jersey, Law Division, Essex County. The Moving Defendants' motion to remand is granted.