Henry G. GROH, Plaintiff,

v.

Theresa P. GROH, Defendant.

Civ. A. No. 95–1766 (AJL).

United States District Court, D. New Jersey.

May 10, 1995.

Peter J. Laemers, Morris, Downing & Sherred, Newton, NJ, for plaintiff.

Marianne Espinosa Murphy, Tompkins, McGuire & Wachenfeld, Newark, NJ, Patricia Garity Smits, Morristown, NJ, for defendant.

## OPINION

LECHNER, District Judge.

This marital dispute was originally brought on 3 May 1994 by the now-deceased plaintiff, Henry G. Groh ("Plaintiff"), against defendant Theresa P. Groh ("Defendant") in the Superior Court of New Jersey, Chancery Division–Family Part, Sussex County (the "Superior Court"). Defendant filed the in-

stant notice of removal (the "Notice of Removal") on 17 April 1995. Removal jurisdiction is alleged pursuant to 28 U.S.C. § 1441.

Presently before the court is the question as to whether this matter should be remanded to the Superior Court pursuant to 28 U.S.C. § 1447(c).[1] For the reasons set forth below, this matter is remanded to the Superior Court, pursuant to 28 U.S.C. § 1447(c).

*Facts*

On 3 May 1994, Plaintiff filed a complaint (the "Complaint") in the Superior Court bearing docket number FM–19–443–94. The Complaint sought a dissolution of the parties' marriage, a support order, equitable distribution of personal property, counsel fees and costs. Complaint at 2.

On or about 21 September 1994, Plaintiff filed a notice of motion in the Superior Court, seeking to expedite the case and to schedule an early settlement panel in the matter. Notice of Removal, Exhibit E. On or about 13 October 1994, Defendant filed a cross-notice of motion seeking to dismiss the Complaint. Notice of Removal, ¶ 3. Thereafter, *as Defendant states in her Notice of Removal,* on 16 November 1994, Plaintiff filed an amended notice of motion (the "16 November Motion") seeking, among other relief, "the sequestration of [P]laintiff's ERISA pension benefits if the [P]laintiff died during the pendency of the [divorce] action." Notice of Removal, ¶ 3. Plaintiff's pension benefits were allegedly provided by a plan that falls within the coverage of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Notice of Removal, ¶ 3.

On 15 December 1994, Judge Lorraine C. Parker ("Judge Parker") of the Superior Court entered an order (the "15 December Order") denying Plaintiff's request to sequester the ERISA survivorship benefits in Plaintiff's pension. Notice of Removal, ¶ 4, Exhibit D.

On 8 January 1995, Plaintiff died. *Id.,* ¶ 5. Defendant, the named beneficiary of Plaintiff's pension benefits, began to receive Plaintiff's pension death benefits from CoreStates Bank, the trustee of Plaintiff's pension benefits. *Id.,* ¶ 7.

On or about 3 February 1995, Plaintiff filed another notice of motion (the "3 February Motion") in the Superior Court.[2] Notice of Removal, ¶ 8. The 3 February Motion sought to amend the Complaint and to restrain the Defendant from "eroding or dissipating the marital assets, including, but not limited to, the [ERISA] pension benefits," pending a determination as to the parties' respective rights to those benefits. Notice of Removal, Exhibit E.

On or about 21 February 1995, Defendant filed a notice of cross-motion (the "Cross–Motion"), seeking the denial of Plaintiff's 3 February Motion to restrain Defendant from dissipating the marital assets, including the ERISA benefits. *Id.,* ¶ 9. The Cross–Motion also sought to dismiss the divorce action on the grounds that it had abated upon Plaintiff's death. *Id.*

Judge Parker entered an order (the "14 March Order") providing that the Superior Court would retain jurisdiction for the purposes of determining whether Plaintiff's ERISA death benefits were, in fact, part of the marital estate "and whether the estate has standing to seek a constructive trust for any portion of the marital estate." *Id.,* ¶ 10.

Defendant contends in the Notice of Removal:

At oral argument on the [3 February Motion] and Cross–Motion, despite the fact that the [P]laintiff did not raise ERISA as an issue, Judge Parker did, *sua sponte.* During her colloquy, Judge Parker pondered whether ERISA created a 'black hole' . . ., (in which equitable remedies were recognized for a surviving spouse, who was excluded from her husband's will, [who] was precluded from participating in

---

**1.** Defendant submitted: Letter Brief with Exhibits A and B (the "Defendant's Brief"); Certification of Patricia Garity Smits, Esq., with Exhibits 1 and 2 (the "Smits Certification").

Plaintiff submitted: Letter, dated 28 April 1995, with Exhibits.

**2.** Although it is not clear from the Notice of Removal or the submissions of the parties, it appears all proceedings in this matter on behalf of Plaintiff subsequent to Plaintiff's death are undertaken by Plaintiff's son, on behalf of Plaintiff's estate.

equitable distribution because her husband died prior to the entry of a divorce decree and was statutorily prohibited from taking an elective share) for the estate since ERISA prohibited the [P]laintiff from changing the beneficiary of his death benefits, while married, without the consent of the [Defendant].

Notice of Removal, ¶ 11. Significantly, the Defendant also states in her Notice of Removal that "... this issue did not become ripe for removal until March 14, 1995, the date of the Order in which Judge Parker retained jurisdiction to decide an issue that is exclusively a Federal concern under ERISA." *Id.* at ¶ 12. Based upon this statement alone, removal had to be effected by 13 April 1995, thirty days after the issue became "ripe for removal."

*Discussion*

Under the general Federal removal statutes, an action brought in state court can be removed to the Federal district court if that Federal district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a).[3] A defendant seeking to remove a case must file "a notice of removal ... containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served...." 28 U.S.C. § 1446(a).

■ An action that has been removed to Federal court may be remanded to state court on the basis of a defect in the removal procedure. 28 U.S.C. § 1447(c). When confronted with a motion to remand a case to state court, the removing party bears the burden of establishing the propriety of removal. *See Boyer v. Snap-on Tools Corp.,* 913 F.2d 108, 111 (3d Cir.1990), *cert. denied,* 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991); *Steel Valley Auth. v. Union Switch and Signal, Div. Am. Standard, Inc.,* 809 F.2d 1006, 1011 (3d Cir.1987), *cert. dismissed sub nom., American Standard, Inc. v. Steel Valley Auth.,* 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988); *Moore v. DeBi-*

*ase,* 766 F.Supp. 1311, 1315 (D.N.J.1991); *Mountain Ridge State Bank v. Investor Funding Corp.,* 763 F.Supp. 1282, 1288 (D.N.J.1991); *Davis v. Baer,* 599 F.Supp. 776, 779 (E.D.Pa.1984).

■ The removing party must show Federal subject matter jurisdiction exists and that removal is proper. *Boyer,* 913 F.2d at 111; *Steel Valley,* 809 F.2d at 1011; *Moore,* 766 F.Supp. at 1315; *Mountain Ridge,* 763 F.Supp. at 1288; *Capone v. Harris Corp.,* 694 F.Supp. 111, 112 (E.D.Pa.1988); *Blow v. Liberty Travel, Inc.,* 550 F.Supp. 375, 375–76 (E.D.Pa.1982).

■ Failure to file a notice of removal within the time period provided by the removal statutes is a sufficient basis for remand. *See Foster v. Mutual Fire, Marine & Inland Ins. Co.,* 986 F.2d 48, 50–53 (3d Cir. 1993); *Mountain Ridge,* 763 F.Supp. at 1288; *Capone,* 694 F.Supp. at 112; *Blow,* 550 F.Supp. at 375–76.

Section 1446(b) sets forth the time in which a removal petition must be filed:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based....

28 U.S.C. § 1446(b).

If the initial pleading does not state a claim that is removable,

> a notice of removal may be filed within thirty days after receipt by the defendant, *through service or otherwise,* of a copy of an amended pleading, *motion, order* or *other paper* from which it may first be ascertained that the case is one which is or has become removable....

*Id.* (emphasis added).

■ The burden of proof is on the removing party to show removal was timely. *See*

---

3. Section 1441(a) provides in pertinent part:

Except as otherwise expressly provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court embracing the place where such action is pending....

*28 U.S.C. § 1441(a).*

*Boyer,* 913 F.2d at 111; *Steel Valley,* 809 F.2d at 1011. Assuming *arguendo* the initial pleading in this matter would not have conferred removal jurisdiction, to meet the removal burden Defendant must show that the Notice of Removal was filed within thirty days after receipt, through service or otherwise, of an amended pleading, motion, order or other paper indicating that Federal jurisdiction was proper.

■ The date upon which formal service of the amended pleading, motion or other paper is received is not dispositive of whether removal was timely. *See Foster,* 986 F.2d 48, 53–54 (3d Cir.1993) (thirty-day period begins running when defendant receives a court document which "provide[s] adequate notice of [F]ederal jurisdiction" regardless of when formal service was made); *Greensmith Co. v. Com Sys., Inc.,* 796 F.Supp. 812, 813 (D.N.J. 1992) ("Receipt [of the initial pleading] is not limited to service; rather, it is granted broader application"); *North Jersey Sav. & Loan v. Fidelity & Deposit Co. of Maryland,* 125 F.R.D. 96, 100 (D.N.J.1988) (same); *Maglio v. F.W. Woolworth Co.,* 542 F.Supp. 39, 41 (E.D.Pa.1982) (Section 1446 "specifically reads 'receipt by the defendant,' and the statute clearly does not require service").

■ Defendant cannot carry the burden of proving timely removal in this matter. As Defendant states in her Notice of Removal, Plaintiff filed the 16 November Motion, seeking "the sequestration of [P]laintiff's ERISA pension benefits." Notice of Removal, ¶ 3. This was done five months prior to Defendant's filing of the Notice of Removal. Defendant does not contend that she did not receive a copy of the 16 November Motion, through service or otherwise. Thus, by the very language of her Notice of Removal, Defendant had to effect removal within thirty days of receipt of the 16 November Motion. In addition, Defendant does not contest receipt of the 15 December Order, addressing the ERISA issue raised in the 16 November Motion. As well, she does not contest receipt of the 3 February Motion—which again sought relief associated with Plaintiff's ERISA benefits.

■ Each of the 16 November Motion, 15 December Order and 3 February Motion received by Defendant put Defendant on notice of the Federal ERISA issue. Receipt of such court documents, "which in themselves provide adequate notice of [F]ederal jurisdiction[,]" triggers the thirty-day removal period. *Foster,* 986 F.2d at 54.

Plaintiff's 16 November Motion and 3 February Motion each "said" enough to notify Defendant of the Federal ERISA issue. *Id.* Both motions requested relief associated with Plaintiff's ERISA "pension benefits." Notice of Removal, Exhibit E. Additionally, the 15 December Order clearly addressed "Plaintiff's request to sequester his survivorship benefits in his pension." *Id.,* Exhibit D.

■ Defendant contends removal is proper because ERISA pre-empts Plaintiff's claim that Defendant would be unjustly enriched by receiving Plaintiff's ERISA death benefit. Notice of Removal, ¶ 13. Section 1144 of ERISA provides:

> Except as provided in subsection (b) of this section [the savings clause], the provisions of this subchapter and subchapter III of this chapter shall supersede *any and all* State laws insofar as they may now or hereafter relate to any employee benefit plan. . . .

29 U.S.C. § 1144(a) (emphasis added). Common law causes of action sounding in tort and contract, to the extent they relate to ERISA benefits, fall under the express pre-emption clause. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 47, 107 S.Ct. 1549, 1552–53, 95 L.Ed.2d 39 (1987).

■ Although Defendant may have a valid ERISA issue, such argument does not create exclusive jurisdiction in the instant matter. Section 1132(e) of the ERISA statute provides:

> Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have *exclusive jurisdiction* of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title. *State courts of competent jurisdiction shall have concurrent jurisdiction*

*of actions under paragraphs 1(B) and (7) of subsection (a) of this section.*

29 U.S.C. § 1132(e) (emphasis added).

Section 1132(a)(1)(B) deals with civil actions brought "to recover benefits due to [a participant or beneficiary] under the terms of his [or her] plan, to enforce his [or her] rights under the terms of the plan, or to clarify his [or her] rights to future benefits under the terms of the plan[.]" 29 U.S.C. § 1132(a)(1)(B).

Defendant contends she is the "named beneficiary of the death benefits under [Plaintiff's] ERISA pension." Notice of Removal, ¶ 3. The 16 November Motion and the 3 February Motion seek to preclude dissipation of those benefits pending a determination as to the parties' respective rights to those benefits. The instant dispute in this case, therefore, appears to fall within the coverage of section 1132(a)(1)(B) of ERISA, as an attempt by alleged beneficiaries to enforce or clarify their rights to Plaintiff's ERISA benefits.

■ Accordingly, although this court may have subject matter jurisdiction to address the ERISA issue raised in this matter, the Superior Court, a court of "competent jurisdiction" to hear this matter, has concurrent jurisdiction under the ERISA statute. 29 U.S.C. § 1132(e). Moreover, Plaintiff's ERISA argument itself provides further support for the conclusion that Defendant's Notice of Removal was filed out of time. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

In the instant matter, the Complaint became removable at the time of the filing of the 16 November Motion. *Taylor,* 481 U.S. at 67, 107 S.Ct. at 1548. Defendant's Notice of Removal, filed 17 April 1995, therefore, was untimely.

■ There is no merit to Defendant's contention in the Notice of Removal that Federal jurisdiction was not created until 14 March 1995. But even if the time for removal did not become ripe until 14 March 1995, as Defendant explicitly states, *see* Notice of Removal at ¶ 12, removal had to be effected by 13 April 1995. It did not occur until 17

April 1995, beyond the thirty-day period required for removal.

In addition, as mentioned, each of the 16 November Motion, the 15 December Order and the 3 February Motion satisfies the requirements of section 1446(b) and began the time within which to remove this matter. The statute is clear on its face—the receipt of an amended pleading, *motion, order,* or other paper from which Federal jurisdiction is apparent begins the thirty-day period for removal. 28 U.S.C. § 1446(b).

■ As explained by the Circuit, "removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer,* 913 F.2d at 111 (quoting *Steel Valley,* 809 F.2d at 1010); *see Moore,* 766 F.Supp. at 1314; *Mountain Ridge,* 763 F.Supp. at 1288; *Institute of Pa. Hosp. v. Travelers Ins. Co.,* 825 F.Supp. 727 (E.D.Pa.1993). Defendant has not carried her burden of showing timely removal in this case. Accordingly, the matter will be remanded pursuant to 28 U.S.C. § 1447(c).

*Conclusion*

For the reasons stated, this matter is remanded to the Superior Court pursuant to 28 U.S.C. § 1447(c).