Felix CAPONE and Patricia
Capone, his wife

v.

HARRIS CORPORATION, Harris Graph-
ics Corporation, Harris–Seybold Co.,
Harris Intertype Corporation and Har-
ris Corporation Commercial Press Divi-
sion.

Civ. A. No. 88–0405.

United States District Court,
E.D. Pennsylvania,
Civil Division.

Aug. 17, 1988.

Stuart D. Fiel, Philadelphia, Pa., for
plaintiff.

John P. Penders, Philadelphia, Pa., for
defendants.

## MEMORANDUM AND ORDER

VAN ANTWERPEN, District Judge.

This action was commenced on June 11,
1986 by Writ of Summons filed in the Court
of Common Pleas of Philadelphia County
under June Term, No. 2416. The Sum-
mons, which gave no indication of the na-
ture of the action, was served by certified
mail, and return receipts were received by
plaintiffs.

On December 5, 1986, a Complaint, set-
ting forth the cause of action, was filed
with the Court of Common Pleas and
served by ordinary United States mail. On
December 26, 1986, Notices of Intention to
Take Default pursuant to Pa.R.Civ.P. 237.1
were served by ordinary mail. On January
13, 1987, Judgment by Default was entered
against defendants and in favor of plain-
tiffs.

On February 10, 1987, Petition/Motion of
Defendants to Open and/or to Strike De-
fault Judgments was filed in the Court of
Common Pleas. Included as Exhibit F was
a copy of the complaint. Among defend-
ants' allegations in support of their Peti-
tion/Motion was improper service of the
complaint. By order of Common Pleas
Judge Nelson A. Diaz dated January 12,
1988, the default judgment was opened and
vacated. In his opinion, Judge Diaz found
that defendants had not received proper
notice of filing of suit or entry of default.
By Notice of Appeal filed January 21, 1988,
plaintiffs appealed Judge Diaz's order to
the Superior Court of Pennsylvania. That
court has held the appeal in abeyance pend-
ing resolution of plaintiffs' Petition for Re-
mand discussed below.

On January 19, 1988, defendants' Peti-
tion for Removal was filed with this court.

**112**

Plaintiffs filed their Petition for Remand on February 16, 1988. Defendants' Answer to plaintiffs' Complaint was filed in this court on February 16, 1988. Plaintiffs based their petition on defendants' failure to file their Petition for Removal within the thirty day period provided by 28 U.S.C. § 1446(b).[1] Defendants, in their answer to plaintiffs' Petition for Remand, argue that they were unable to file a Removal Petition until the question of the default judgment was resolved by Judge Diaz's January 12, 1988 order.

 Failure to file a petition for removal within the thirty days provided by § 1446(b) is sufficient ground on which to remand. *Blow v. Liberty Travel, Inc.*, 550 F.Supp. 375 (E.D.Pa.1982). The burden of proof is on the petitioning defendants to establish their right to removal, including their compliance with the requirements of the removal statute. *Id.* The burden is therefore on the defendants to prove that the petition for removal was timely under § 1446(b).

While there is controversy as to when the defendants were served with the Complaint, there is no doubt that they had received it by February 10, 1987, when it was an exhibit to defendants' petition/motion to open judgment. Defendants have cited no authority for the proposition that pendency of that motion extends the thirty day period. Therefore, February 10, 1987, is the latest date from which the thirty day period can be calculated. The Petition for Removal was filed one year and six days later. The thirty day period is mandatory and cannot be extended by the Court. *Sun Oil Co. of Pa. v. Pa. Dept. of Labor & Industry*, 365 F.Supp. 1403 (E.D.Pa.1973).

Therefore, the plaintiffs' motion to remand will be granted.

An appropriate order follows.

### ORDER

AND NOW, this 17th day of August, 1988, upon consideration of PETITION FOR REMAND filed by plaintiffs on February 16, 1988, and DEFENDANTS' ANSWER thereto filed February 18, 1988, it is hereby ORDERED that this matter is REMANDED to the Court of Common Pleas of Philadelphia County, Pennsylvania.

---

1.  28 U.S.C. § 1446(b) provides:
    "(b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
    If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."