FEDERAL DEPOSIT INSURANCE COR-
PORATION as Receiver for The Howard
Savings Bank, Plaintiff,

v.

WISSEL & SONS CONSTRUCTION CO.,
INC., Conrad Wissel, III, Randolph Wis-
sel, Conrad James Wissel, Blackstone
Co., Inc., the State of New Jersey, and
Carmen J. Maggio, in his capacity as
chapter 7 trustee of the bankruptcy es-
tates of Wissel & Sons Construction Co.,
Inc. and Conrad Wissel, III & Beatrice
Wissel, Defendants.

Civ. A. No. 94–6307 (AJL).

United States District Court,
D. New Jersey.

March 13, 1995.

Stephen V. Falanga, Raymond T. Lyons, Jr., Peter J. Pizzi, Connell, Foley & Geiser, Roseland, NJ, for plaintiff F.D.I.C. in its capacity as receiver for Howard Sav. Bank.

Catharine A. Vaughan, Vincent E. Reilly, McElroy, Deutsch & Mulvaney, Morristown, NJ, for Carmen J. Maggio, trustee on behalf of defendants Wissel & Sons Const. Co., Inc. and Conrad Wissel, III and Beatrice Wissel.

## OPINION

LECHNER, District Judge.

This is a foreclosure action brought by the Federal Deposit Insurance Corporation (the

"FDIC") as receiver for The Howard Savings Bank ("Howard Savings") against defendants Wissel & Sons Construction Co., Inc. ("Wissel Contracting"), Conrad Wissel, III, Randolph Wissel, Conrad James Wissel, Blackstone Co., Inc., the State of New Jersey (collectively, the "Defendants") and Carmen J. Maggio, in his capacity as chapter 7 trustee (the "Trustee") of the bankruptcy estates of Wissel Construction and Conrad Wissel, III & Beatrice Wissel (the "Wissels"). Removal jurisdiction is alleged pursuant to 12 U.S.C. § 1819(b)(2)(B).

Currently before the court is the motion by the Trustee to remand the instant matter pursuant to 28 U.S.C. § 1447(c).[1] *See* Notice of Motion to Remand to New Jersey Superior Court, filed 23 January 1995 (the "Notice of Remand"). For the reasons set forth below, this matter is remanded to the Superior Court of New Jersey, Chancery Division, Monmouth County.

*Facts and Procedural History*

On 22 January 1989, Howard Savings filed a complaint (the "Complaint"), in the Superior Court of New Jersey, Chancery Division, Monmouth County (the "Superior Court of New Jersey"), seeking recovery against the Defendants on a note executed by Wissel Contracting in favor of Howard Savings. Complaint, ¶ 1. On 21 June 1989, Howard Savings obtained a final judgment in foreclosure by default against the Defendants (the "Foreclosure Judgment"). *See* Notice of Removal, filed 22 December 1994 (the "Notice of Removal"), attaching Exhibits A and B, ¶ 2.

On 29 June 1989 Wissel Contracting filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District

1. In support of the instant motion to remand, the Trustee submitted: Memorandum of Law in Support of Defendants' Motion to Remand to the New Jersey Superior Court (the "Moving Brief"); Trustee's Reply Memorandum of Law in Support of Motion to Remand to the New Jersey Superior Court (the "Reply Brief"); Certification of Catharine A. Vaughan

In opposition to the Trustee's motion to remand, the FDIC submitted: Brief of the Federal Deposit Insurance Corporation as Receiver for The Howard Savings Bank in Opposition to the

Trustee's Motion to Remand to the New Jersey Superior Court (the "Opp. Brief"); Certification of Stephen V. Falanga.

There were two other submissions submitted by the parties. Chambers received a letter from the FDIC, dated 23 February 1995 (the "23 February Letter"), in response to the Reply Brief. Additionally, chambers received a letter from the Trustee, dated 27 February 1995, requesting the 23 February Letter be disregarded. Both of these submissions were reviewed, although they did not impact the instant decision.

of New Jersey (the "Bankruptcy Court"). *Id.*, ¶ 3. Soon thereafter, the Wissels sought joint voluntary Chapter 11 protection. *Id.*

On 6 December 1989, Wissel Contracting and the Wissels filed separate adversary proceedings (the "Wissel Adversary Proceedings") in the Bankruptcy Court against Howard Savings. Moving Brief at 5. Howard Savings filed an adversary proceeding, on 28 March 1990 (the "Howard Savings Adversary Proceeding"), seeking a determination of the validity and priority of its secured and unsecured claims including the Foreclosure Judgment. *Id.*

On 12 August 1992, the bankruptcy proceedings of Wissel Contracting and the Wissels were converted to liquidation proceedings under Chapter 7 of the United States Bankruptcy Code; the Trustee was appointed to represent both estates. Notice of Removal, ¶ 4.

On or about 2 October 1992, the Commissioner of Banking of the State of New Jersey declared Howard Savings insolvent and appointed the FDIC as receiver. *Id.*, ¶ 5. On 26 January 1993, the Trustee filed a motion for partial summary judgment against the FDIC. Opp. Brief at 4; Moving Brief at 6.

On 5 February 1993 the FDIC filed a cross-motion to dismiss the Wissel Adversary Proceedings for lack of subject matter jurisdiction. Moving Brief at 6. The Bankruptcy Court denied the FDIC's motion on 16 September 1993. *Id.* In late January or February 1993 [2], the FDIC moved and was substituted as plaintiff in the Howard Savings Adversary Proceeding. *Id.* at 6–7, 12.

The FDIC moved for summary judgment, on 22 February 1993, contending the Wissel Adversary Proceedings were barred by the entire controversy doctrine and claim preclusion in light of the Foreclosure Judgment. *Id.* at 6; Opp. Brief at 4. By Order, dated 24 March 1994 (the "24 March 1994 Order"), the Bankruptcy Court granted the motion by FDIC for summary judgment and dismissed the Wissel Adversary Proceedings. Opp.

Brief at 5. The Bankruptcy Court concluded the issues raised by the Wissel Adversary proceedings were relevant to, but not asserted in connection with, the Foreclosure Judgment. *Id.*

On 4 April 1994, the Trustee filed an appeal of the 24 March 1994 Order in the United States District Court for the District of New Jersey. Moving Brief at 5; Opp. Brief at 7. The 24 March 1994 Order was affirmed with regard to the claims of Wissel Construction and Conrad Wissel, III, but remanded with regard to Beatrice Wissel. Moving Brief at 5 & n. 2; Opp. Brief at 7.

On 4 October 1994, the Trustee filed a motion in the Superior Court of New Jersey to set aside the Foreclosure Judgment in order to raise various defenses to the foreclosure (the "Foreclosure Action"). Moving Brief at 7; Opp. Brief at 5–6. The FDIC appeared, as receiver of Howard Savings, in opposition to the Trustee's motion. Moving Brief at 7; Opp. Brief at 6. The FDIC filed opposition papers on 27 October 1994 and was heard at oral argument on 4 November 1994. By Order of the Superior Court, dated 4 November 1994, the Foreclosure Judgment was vacated. Moving Brief at 7–8; Opp. Brief at 6.

Thereafter, the FDIC sought formal substitution, as a plaintiff, in the Foreclosure Action. Notice of Removal, ¶ 10. A consent order, dated and filed 9 December 1994 (the "Consent Order"), was entered by the parties. *See* Consent Order, attached as Exhibit B to the Notice of Removal. The Consent Order formally substituted the FDIC as plaintiff in its capacity as receiver of Howard Savings and authorized the intervention of the Trustee in the Foreclosure Action on behalf of the Chapter 7 bankruptcy proceedings of Wissel Construction and the Wissels. *Id.*

After formal substitution as plaintiff, on 22 December 1994, the FDIC removed the Foreclosure Action to the United States District Court for the District of New Jersey.

---

2. The correct date is not clear from the submissions of the parties. The Moving Brief states the FDIC moved for substitution in the Howard Savings Adversary Proceeding on 17 February 1993, *see* Moving Brief at 6–7, and then states the FDIC

was substituted on 21 January 1993. *Id.* at 12. The FDIC, does not reference its substitution as plaintiff in the Howard Savings Adversary Proceeding, although it does not contest that there was such a substitution.

*See* Notice of Removal. The Trustee, by way of the instant motion, seeks a remand of the instant action to the Superior Court of New Jersey. *See* Notice of Remand.

*Discussion*

A. *Removal Under 28 U.S.C. § 1446*

Under the general Federal removal statutes, an action brought in state court can be removed by the defendant to the Federal district court encompassing the state court if that Federal district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a).[3] A defendant seeking to remove a case must file a "notice of removal ... containing a short and *plain statement of the grounds for removal,* together with a copy of all process, pleadings and orders served." 28 U.S.C. § 1446(a) (emphasis added).

■ When confronted with a motion to remand, the removing party has the burden of establishing the propriety of removal. *See Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 111 (3d Cir.1990), *cert. denied,* 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991); *Steel Valley Auth. v. Union Switch & Signal Div., Am. Standard, Inc.,* 809 F.2d 1006, 1011 (3d Cir.1987), *cert. dism'd sub nom. American Standard, Inc. v. Steel Valley Auth.,* 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988); *Moore v. DeBiase,* 766 F.Supp. 1311, 1315 (D.N.J.1991); *Mountain Ridge State Bank v. Investor Funding Corp.,* 763 F.Supp. 1282, 1288 (D.N.J.1991). Moreover, "[r]emoval statutes 'are to be strictly construed against removal and all doubts resolved in favor of remand.'" *Boyer,* 913 F.2d at 111 (quoting *Steel Valley,* 809 F.2d at 1010); *see Moore,* 766 F.Supp. at 1314; *Mountain Ridge,* 763 F.Supp. at 1288.

■ An action that has been removed to Federal court may be remanded to state court pursuant to 28 U.S.C. § 1447(c) on the grounds of a defect in the removal procedure.[4] For example, failure to file a notice of removal within the time period provided by the removal statutes is a sufficient ground on which to remand. *See Mountain Ridge,* 763 F.Supp. at 1288; *Capone v. Harris Corp.,* 694 F.Supp. 111, 112 (E.D.Pa.1988); *Blow v. Liberty Travel, Inc.,* 550 F.Supp. 375, 375–76 (E.D.Pa.1982).

■ Section 1446(b) sets forth the time in which a removal petition must be filed:

The notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, *through service or otherwise,* of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based....

28 U.S.C. § 1446(b) (emphasis added). The burden of proof is on the removing party to show removal was timely. *See Boyer,* 913 F.2d at 111; *Steel Valley,* 809 F.2d at 1011.

■ To meet its burden, the defendant must show it filed a notice of removal within thirty days after receipt of the complaint. Section 1446 provides receipt by the defendant may be effected "through service or otherwise." 28 U.S.C. § 1446(b). Therefore, the date upon which formal service of process was received is not dispositive of whether removal was timely. *See Foster v. Mutual Fire, Marine & Inland Ins. Co.,* 986 F.2d 48, 51–51 (3d Cir.1993) (thirty day period begins running when defendant has "sufficient information ... to determine [F]ederal jurisdiction," irrespective of when formal service was made); *Greensmith Co. v. Com Systems, Inc.,* 796 F.Supp. 812, 813 (D.N.J. 1992) (same); *North Jersey Sav. & Loan v. Fidelity & Deposit Co. of Maryland,* 125 F.R.D. 96, 100 (D.N.J.1988) (same); *Maglio v. F.W. Woolworth Co.,* 542 F.Supp. 39, 41 (E.D.Pa.1982) (Section 1446 "specifically

---

**3.** Section 1441(a) provides in pertinent part:

Except as otherwise expressly provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court embracing the place where such action is pending....

28 U.S.C. § 1441(a).

**4.** Section 1447(c) provides in pertinent part:

A motion to remand the case on the basis of a defect in removal procedure must be made within thirty days after filing of the notice of removal under section 1446(a).

28 U.S.C. § 1447(c).

reads 'receipt by the defendant,' and the statute clearly does not require service.").

■ The defendant cannot carry its burden of proving timely removal simply by showing removal was effected within thirty days after formal service of process. In *Unique Oriental Rugs v. Carolina Freight Carriers Corp.*, No. 91–1331, slip op. (D.N.J. 30 May 1991), the defendant's notice of removal stated: "this action was commenced by service of process ... and the time has not elapsed within which [defendant] is allowed to file [the petition for removal]." Slip op. at 2. The only other proof of timely removal offered by the defendant was a copy of the state court summons, which was attached to the notice of removal. *Id.* The defendant argued: "this court has clear and convincing proof that less than thirty days had elapsed from the time of the service of the State Court complaint upon the Defendant and the time of removal to the Federal District Court." *Id.*

It was held that the petition for removal did not contain sufficient proof of timely removal. As was stated, "the Petition does not address, and it is not possible to determine from the face of the Petition ..., whether the defendant received a complaint prior to the formal service of the summons and complaint." *Id.* at 3. Therefore, it was stated, "it cannot be determined whether removal was effected within thirty days, as required." *Id.* at 4.

## B. *Removal Under 12 U.S.C. § 1819*

Federal courts have broad jurisdiction over matters concerning the FDIC. *See* 12 U.S.C. § 1819(b)(2)(A). Section 1819 of Title 12 provides: "Except as provided in subparagraph (D) [5], all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be

deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(A).

With regard to the removal power of the FDIC, section 1819(b)(2)(B) of Title 12, which was amended on 19 December 1991 (the "1991 Amendment"), provides:

Except as provided in subparagraph (D), the [FDIC] may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States District Court before the end of the 90–day period beginning on the date the action, suit or proceeding is filed against the [FDIC] or the [FDIC] is substituted as a party.

12 U.S.C. § 1819(b)(2)(B).[6]

According to the FDIC, it was substituted as plaintiff in the instant action by the Consent Order, on 9 December 1994, and removed the instant case on 22 December 1994. Opp. Brief at 9. Therefore, the FDIC argues its removal "is both timely and proper as the removal occurred ... within 90 days of the date of its substitution in the ... [F]oreclosure [A]ction." *Id.*

The Trustee contends

this argument ignores that the FDIC can, and in this case did, litigate the validity and enforceability of its mortgage on an ongoing basis well before ["formal" substitution] and further ignores traditional removal practice and common sense. Therefore, "substitution", for purposes of [section] 1819, ... should not be construed as synonymous with "formal" substitution by motion or consent order, but, consistent with longstanding practice, as referring to that date when [the] FDIC first became part of the case, whether by notice, participation or "formal" substitution.

Moving Brief at 10 (citing *Mountain Ridge*, 763 F.Supp. at 1290). In the instant action,

5. Subsection D provides that certain actions involving the FDIC "shall not be deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(D). Subsection D refers to actions where the FDIC, as receiver, is a party other than a plaintiff; the action involves only preclosing rights against a state insured depository institution or its obligations owed to depositors, creditors or stockholders; and when only state law will be applied. *Id.*

6. Prior the 1991 Amendment, 12 U.S.C. § 1819(b)(2)(B) provided: "Except as provided in subparagraph (D), the [FDIC], may without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court." 12 U.S.C. § 1819(b)(2)(B).

the Trustee contends the ninety day removal period under section 1819(b)(2)(B) should have commenced upon the appointment of the FDIC as receiver, on 2 October 1992, not "formal" substitution, on 9 December 1994. *Id.*

The Third Circuit has not addressed removal by the FDIC under section 1819 of Title 12. This issue has been addressed by two cases from this district *Mountain Ridge,* and *Estate of Harding v. Bell,* 817 F.Supp. 1186 (D.N.J.1993).

In *Mountain Ridge,* decided before the 1991 Amendment, it was held that "[b]ecause Congress failed to otherwise provide, removal under [s]ection 1819(b)(2)(B) is governed by the general [F]ederal removal statute 28 U.S.C. 1446." *Mountain Ridge,* 763 F.Supp. at 1290. The court applied the thirty day removal period of 28 U.S.C. § 1446(b) to the FDIC. *Id.* at 1289–90. Additionally, *Mountain Ridge* explained that the thirty day period should be "applied in a manner consistent with [s]ection 1446. Consequently, the limitations period commences upon receipt by the FDIC of 'an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'" *Id.* at 1290 (quoting 28 U.S.C. § 1446(b)).

The FDIC argues *Mountain Ridge,* only applies to FDIC removal provisions, as they existed prior to the 1991 Amendment. Opp. Brief at 10. The FDIC argues *Estate of Harding,* which was decided after the 1991 Amendment, should be applied in the instant action. *Id.* In *Estate of Harding,* it was held "[t]he language of the amended statute ... suggests that removal cannot occur until the FDIC has been named or substituted as a party in state court." *Estate of Harding,* 817 F.Supp. at 1186. Such interpretation is rejected in the instant matter.

While Congress has amended 1819(b)(2)(B) since *Mountain Ridge,* it appears general Federal removal jurisprudence should still

govern any remaining uncertainty. The 1991 Amendment increases the removal period from thirty days in 28 U.S.C. 1446(b) to ninety days for the FDIC, "beginning on the date the action, suit or proceeding is filed against the [FDIC] or the [FDIC] is substituted as a party." 12 U.S.C. § 1819(b)(2)(B). Nonetheless, as *Mountain Ridge* explained:

> Neither [s]ection 1819 nor [s]ection 1446 explicitly require the FDIC be formally substituted as a party before removal is proper. Moreover, the FDIC's interest in an action comes into being at the moment it is appointed as receiver, not at the moment it is formally substituted. To hold that the [ninety] day limitations period commences running only when the FDIC is formally substituted allows the FDIC to ignore an initial pleading or other paper which indicates removal is proper. There is no policy, however, that justifies allowing the FDIC to delay removal of a case it knows can be properly removed until the moment the FDIC is formally substituted.

*Mountain Ridge,* 763 F.Supp. at 1290 (citations omitted).

■ Upon appointment as receiver, the FDIC has the power to remove, *see* 12 U.S.C. § 1819(b)(2)(A) [7], and "must remove a case within [ninety] days of when it receives through service of process or otherwise a pleading or other paper which reveals that removal is appropriate." *Mountain Ridge,* 763 F.Supp. at 1291.

■ As *Mountain Ridge* explained: "[A]n order appointing the FDIC as receiver for a bank may not outline the specific actions in which the bank was a party.... Therefore, ... it [may] not mention any specific litigation ... [to] place the FDIC on notice that a particular case is removable." *Mountain Ridge,* 763 F.Supp. at 1290. Such appointment, however, places the FDIC on notice that it may remove an action pursuant to section 1819 and "the FDIC should exercise care to ensure that cases are removed

---

**7.** In the instant action, the FDIC points out that it had another basis for removal jurisdiction: "There is a second ground for Federal jurisdiction in this case. 28 U.S.C. § 1334(b) grants the [d]istrict [c]ourts jurisdiction over all proceedings related to a case under Title 11." Opp.

Brief at 7 n. 3. This is not, however, a basis for removal which the FDIC relies upon in the Notice of Removal. As indicated, removal jurisdiction is predicated solely on 12 U.S.C. § 1819(b)(2)(B). Notice of Removal at 1–2.

promptly [and in compliance with 28 U.S.C. § 1446 and 12 U.S.C. § 1819]." *Id.* & n. 13.

▇▇▇ In the instant action, the FDIC was appointed receiver for Howard Savings on 2 October 1992. Notice of removal, ¶ 5. This was more than two years before the formal substitution of the FDIC as plaintiff in the Foreclosure Action and its removal of the Foreclosure Action to Federal court. *Id.*, ¶ 10. For more than two years the FDIC and the Trustee actively litigated the propriety of the Foreclosure Judgment and the Trustee's efforts to collaterally attack it. Throughout this period the FDIC was on notice regarding the nature of the instant action and, accordingly, that the matter was removable.[8]

The FDIC concedes that "it had knowledge of the [F]oreclosure [A]ction during the pendency of the bankruptcy proceedings." Opp. Brief at 10. Further the FDIC "agrees with the Trustee that it had an obligation to 'elevate its position promptly after appointment, define its litigation strategy, and remove to [F]ederal court, *if appropriate.*' " *Id.* (quoting Moving Brief at 14).

The FDIC argues, however, that it had no obligation to substitute as the proper party in all litigation that Howard Savings was involved in prior to its appointment as receiver—especially litigation such as the Foreclosure Action where a final judgment had been entered. *Id.* at 10–11. According to the FDIC:

There was no logical reason for the FDIC to substitute in the [F]oreclosure [A]ction since final judgment had been entered prior to the FDIC's appointment. After the state court judge entered the Order reopening the [F]oreclosure [A]ction and it became necessary for the FDIC to substitute into the action as the proper plaintiff, the FDIC did so. Thereafter, the FDIC merely exercised its rights under the law and removed the action to [d]istrict [c]ourt.

*Id.* at 11.[9]

The FDIC portrays itself as an outsider to the Foreclosure Action, with little or no interest or involvement prior to the vacation of the Foreclosure Judgment. Notwithstanding this characterization, as discussed, the FDIC was an active participant for more than two years in litigation concerning the issues covered by the Foreclosure Judgment and the Trustee's efforts to collaterally attack it.[10]

As discussed, "[n]either [s]ection 1819 nor [s]ection 1446 explicitly require the FDIC be formally substituted as a party before removal is proper.... [Additionally,] no policy ... justifies allowing the FDIC to delay removal of a case it knows can be properly removed until the moment the FDIC is formally substituted." *Mountain Ridge,* 763 F.Supp. at 1290 (citations omitted).

The instant matter is an example of why the FDIC's interpretation of section 1819 is unpalatable. The FDIC actively participated in litigation with the Trustee for more than two years while on notice that it was remova-

8. For example, on 26 January 1993, the Trustee filed a motion for partial summary judgment against the FDIC, Opp. Brief at 4; Moving Brief at 6, in late January or February 1993, the FDIC moved and was substituted as plaintiff in the Howard Savings Adversary Proceeding, Moving Brief at 6–7, 12, on 5 February 1993 the FDIC filed a cross-motion to dismiss the Wissel Adversary Proceedings, *id.* at 6, on 17 February 1993, the FDIC moved to be substituted as plaintiff in the Howard Savings Adversary Proceedings, *id.* at 6–7, and the FDIC moved for summary judgment, on 22 February 1993, contending the Wissel Adversary Proceedings were barred by the entire controversy doctrine and res judicata in light of the Foreclosure Judgment. *Id.* at 6; Opp. Brief at 4.

9. The FDIC also contends the provisions of the automatic stay, 11 U.S.C. § 362, prevented it

from proceeding further with regard to the Foreclosure Action. Opp. Brief at 11 n. 6. Besides this conclusory assertion, the FDIC has not explained how the automatic stay prevented it from removing the instant matter sooner. Additionally, this argument is inconsistent with the FDIC's active participation in litigation with the Trustee since its appointment as receiver.

10. For example, on 22 February 1993, the FDIC moved for summary judgment contending the Wissel Adversary Proceedings were barred by the entire controversy doctrine and claim preclusion in light of the Foreclosure Judgment. Moving Brief at 6; Opp. Brief at 4. After success on this motion, the FDIC appeared in opposition to the Trustee's motion to set aside the Foreclosure Judgment. Moving Brief at 7; Opp. Brief at 5–6.

ble. It was not until the Trustee was successful in vacating the Foreclosure Judgment that the FDIC sought formal substitution in the Foreclosure Action and sought to take advantage of the ninety day removal period under section 1819.

Interpreting section 1819(a)(b)(2) as the FDIC suggests, to require "formal" substitution to trigger the ninety day limitations period, is inconsistent with general Federal removal jurisprudence and creates the potential for delay and inefficient resolution of disputes, as well as forum shopping. Accordingly, such interpretation is rejected.

As indicated, the FDIC had been on notice of the particular litigation at issue since shortly after appointment as receiver in October 1992. The ninety day removal period under section 1819(b)(2)(B) had long since lapsed as of 22 December 1994, the date of filing of the Notice of Removal. Accordingly, removal of this action was untimely.[11]

*Conclusion*

For the reasons set forth above, this matter is remanded to the Superior Court of New Jersey, Chancery Division, Monmouth County.

---

**11.** Because the Notice of Removal was untimely filed, it is unnecessary to address the Trustee's argument that the FDIC waived its right to remove by opposing the Trustee's motion to vacate the Foreclosure Judgment. Moving Brief at 16–17.