**Ora METCALF, Plaintiff,**

v.

**WEST SUBURBAN HOSPITAL, Dr. Marjorie Shreve, and Circle Family Care, Defendants.**

**No. 95 C 2784.**

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 5, 1996.

Richard F. Mallen, Donald Hoppe, Law Office of Richard F. Mallen, Chicago, Illinois, for Plaintiff.

Rudolf G. Schade, Jr., Cassidy, Schade & Gloor, Chicago, Illinois, John Manion McGarry, Peter D. McWeeny, Baker & McKenzie, Chicago, Illinois, James Bartlett, James Scott, McMahon, Stellato & Schwartz, Ltd., Chicago, Illinois, for Defendants.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

Plaintiff Ora Metcalf brought this suit in the Circuit Court of Cook County, Illinois alleging medical malpractice by defendants. Plaintiff claims that her treating physician and the emergency room of a hospital failed to diagnose her heart condition prior to her suffering a May 14, 1994 heart attack (myocardial infarction) resulting in irreversible injury to her heart and cardiovascular system. She also claims that she had had prior heart attacks, but defendants failed to recognize that during prior visits. Named as defendants are Dr. Marjorie Shreve and the clinic that employed her, Circle Family Care. Also named as a defendant is West Suburban Hospital.

Plaintiff allegedly visited Shreve on numerous occasions between December 1989 and November 1993, without having her condition correctly diagnosed. Plaintiff was also at Circle Family Care on May 9, 1994, but saw another physician. She does not claim that any malpractice occurred during that visit. Plaintiff had a heart attack on May 14, 1994. Although not initially treated for that incident at Circle Family Care, plaintiff did make subsequent visits for aftercare at Circle Family Care. She does not claim that malpractice was committed during those visits. Plaintiff contends she visited the emergency room of West Suburban Hospital on four occasions beginning in November 1993 and ending on May 8, 1994. She claims the physicians at West Suburban Hospital failed to correctly diagnose her heart condition during those visits. She also went to West Suburban Hospital's emergency room on May 14, 1994 when she was having a heart attack. Physicians at West Suburban Hospital were planning to send plaintiff home without treatment until an outside physician intervened to convince the Hospital to admit her.

Circle Family Care receives federal funding under the Public Health Service Act for migrant health services (42 U.S.C. § 254b), community health services (id. § 254c), health services for the homeless (id. § 256), and/or health services for public housing residents (id. § 256a). If certain qualifications are met, entities that receive those funds and certain employees, including full-time physicians, are deemed to be federal employees for purposes of certain tort actions, including medical malpractice claims. Any such claims are considered to be claims under the Federal Tort Claims Act ("FTCA") for which there is exclusive federal jurisdiction. See id. § 233. Circle Family Care removed plaintiff's lawsuit to this court on the ground that it and Dr. Shreve were acting as federal employees when engaged in the alleged negligent conduct and therefore the claims against them are governed by the FTCA.[1] Plaintiff has moved to remand the case to state court, contending that, as to the negligent conduct alleged in the complaint, nei-

1. There is no contention that West Suburban Hospital receives funding that would deem its

and its employees' conduct to be the conduct of federal employees.

ther Circle Family Care nor Shreve are deemed to be federal employees under § 233.

Section 233 of Title 42 (§ 224 of the Public Health Service Act) was amended effective October 24, 1992 to provide that certain federally funded entities and their employees would be deemed employees of the Public Health Service for purposes of certain tort claims. The statute provides in pertinent part:

### (a) Exclusiveness of remedy

The remedy against the United States provided by sections 1346(b) and 2672 of Title 28, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under section 1346(b) of Title 28, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

\* \* \* \* \* \*

### (c) Removal to United States district court; procedure; proceeding upon removal deemed a tort action against United States; hearing on motion to remand to determine availability of remedy against United States; remand to State court or dismissal

Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto. Should a United States district court determine on a hearing on a motion to remand held before a trial on the merit that the case so removed is one in which a remedy by suit within the meaning of subsection (a) of this section is not available against the United States, the case shall be remanded to the State Court. . . .

\* \* \* \* \* \*

### (g) Exclusivity of remedy against the United States for entities deemed Public Health Service employees; subrogation of medical malpractice claims; applicable period; entity and contractor defined

(1) For purposes of this section, an entity described in paragraph (4) and any officer, employee, or contractor (subject to paragraph (5)) of such an entity who is a physician or other licensed or certified health care practitioner shall be deemed to be an employee of the Public Health Service for a calendar year that begins during a fiscal year for which a transfer of the full amount estimated under subsection (k)(1)(A) of this section was made under subsection (k)(3) of this section (subject to paragraph (3)). The remedy against the United States for an entity described in paragraph (4) and any officer, employee, or contractor (subject to paragraph (5)) of such an entity who is deemed to be an employee of the Public Health Service pursuant to this paragraph shall be exclusive of any other civil action or proceeding to the same extent as the remedy against the United States is exclusive pursuant to subsection (a) of this section.

(2) If, with respect to an entity or person deemed to be an employee for purposes of paragraph (1), a cause of action is instituted against the United States pursuant to this section, any claim of the entity or person for benefits under an insurance policy with respect to medical malpractice relating to such cause of action shall be subrogated to the United States.

(3) This subsection shall apply with respect to a cause of action arising from an act or omission which occurs on or after January 1, 1993. This subsection shall not apply with respect to a cause of action

arising from an act or omission which occurs on or after January 1, 1996.

(4) An entity described in this paragraph is a public or nonprofit private entity receiving Federal funds under any of the following grant programs:

(A) Section 254b of this title (relating to grants for migrant health centers).

(B) Section 254c of this title (relating to grants for community health centers).

(C) Section 256 of this title (relating to grants for health services for the homeless).

(D) Section 256a of this title (relating to grants for health services for residents of public housing).

\* \* \* \* \* \*

### (h) Qualifications for designation as Public Health Service employee

Notwithstanding subsection (g)(1) of this section, the Secretary, in consultation with the Attorney General, may not deem an entity described in subsection (g)(4) of this section to be an employee of the Public Health Service Act [sic] for purposes of this section unless the entity—

(1) has implemented appropriate policies and procedures to reduce the risk of malpractice and the risk of lawsuits arising out of any health or health-related functions performed by the entity;

(2) has reviewed and verified the professional credentials, references, claims history, fitness, professional review organization findings, and license status of its physicians and other licensed or certified health care practitioners, and, where necessary, has obtained the permission from these individuals to gain access to this information;

(3) has no history of claims having been filed against the United States as a result of the application of this section to the entity or its officers, employees, or con-

tractors as provided for under this section, or, if such a history exists, has fully cooperated with the Attorney General in defending against any such claims and either has taken, or will take, any necessary corrective steps to assure against such claims in the future; and

(4) has fully cooperated with the Attorney General in providing information relating to an estimate described under subsection (k) of this section.

42 U.S.C. § 233.

■ Section 233(c) is inapplicable to this case because the Attorney General has not certified that Shreve was acting within the scope of her employment as a federal employee. To the contrary, in a July 11, 1995 letter, the Department of Health and Human Services declined to provide representation for Circle Family Care on the ground that the negligent acts alleged occurred prior to Circle Family Care being deemed a federal employee. The United States Attorney reached the same conclusion and so advised Circle Family Care in a letter dated August 24, 1995.

■ Although removal pursuant to § 233(c) is not possible, removal pursuant to 28 U.S.C. § 1446 would be possible if the claim against Circle Family Care or Shreve is properly characterized as an FTCA claim over which this court could have subject matter jurisdiction. That Circle Family Care's petition was untimely under § 1446(b)[2] does not matter because no party raised that procedural objection within the time allowed under § 1447(c). *Johnson v. Burken,* 930 F.2d 1202, 1206 (7th Cir.1991); *Baris v. Sulpicio Lines, Inc.,* 932 F.2d 1540, 1543–44 (5th Cir.), *cert. denied,* 502 U.S. 963, 112 S.Ct. 430, 116 L.Ed.2d 449 (1991); *Rashid v. Schenck Construction Co.,* 843 F.Supp. 1081, 1085–86 (S.D.W.Va.1993). Questions going to this court's subject matter jurisdiction, however,

---

**2.** Circle Family Care concedes that it was served with process no later than March 20, 1995. The original complaint in the state action (which also included a medical malpractice claim against Circle Family Care) was not dismissed until April 20, 1995. The 30–day period under § 1446(b) for filing a notice of removal ended on April 19, 1995, before the case was initially dismissed.

Therefore, the notice of removal filed after plaintiff was permitted to reinstate the case and file an amended complaint was untimely. *Owens v. General Dynamics Corp.,* 686 F.Supp. 827, 828–29 (S.D.Cal.1988). *See also Capone v. Harris Corp.,* 694 F.Supp. 111, 112 (E.D.Pa.1988) (pendency of motion to reopen case does not extend time to file removal petition).

can be raised at any time, either by the parties or by the court. 28 U.S.C. § 1447(c); *Western Securities Co. v. Derwinski*, 937 F.2d 1276, 1279 (7th Cir.1991); *Baris, supra.*

▪ The provisions of § 233(g) cannot apply any earlier than January 1, 1993. 42 U.S.C. § 233(g)(3). The executive branch is specifically authorized to promulgate regulations regarding the Public Health Service's functions. *See* 42 U.S.C. § 216. The Secretary of Health and Human Services has issued regulations clarifying coverage under § 233(g), including when a funded entity begins to be covered and what acts and omissions are covered. Although the regulations were not issued until May 8, 1995, two days before the notice of removal was filed in the present case, they are to be considered in construing the statute. *See Pope v. Shalala*, 998 F.2d 473, 482–83 (7th Cir.1993). The regulations provide:

**6.5 Deeming process for eligible entities.**

Eligible entities will be covered by this part only on and after the effective date of a determination by the Secretary that they meet the requirements of section 224(h) of the Act [42 U.S.C. § 233(h)]. In making such determination, the Secretary will receive such assurances and conduct such investigations as he or she deems necessary.

**6.6 Covered acts and omissions.**

(a) Only acts and omissions occurring on and after the effective date of the Secretary's determination under § 6.5 and before the later date specified in section 224(g)(3) of the Act are covered by this part.

(b) Only claims for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions are covered by this part.

(c) With respect to covered individuals, only acts and omissions within the scope of their employment (or contract for services) are covered. If a covered individual is providing services which are not on behalf of the covered entity, such as on a volunteer basis or on behalf of a third-party (except as described in paragraph (d) of this section), whether for pay or otherwise, acts and omissions which are related to such services are not covered.

(d) Only acts and omissions related to the grant-supported activity of entities are covered. Acts and omissions related to services provided to individuals who are not patients of a covered entity will be covered only if the Secretary determines that:

(1) The provision of the services to such individuals benefits patients of the entity and general populations that could be served by the entity through community-wide intervention efforts within the communities served by such entity;

(2) The provision of the services to such individuals facilitates the provision of services to patients of the entity; or

(3) Such services are otherwise required to be provided to such individuals under an employment contract or similar arrangement between the entity and the covered individual.

(e) Examples: The following are examples of situations within the scope of paragraph (d) of this section:

(1) A community health center deemed to be a covered entity establishes a school-based or school-linked health program as part of its grant supported activity. Even though the students treated are not necessarily registered patients of the center, the center and its health care practitioners will be covered for services provided, if the Secretary makes the determination in paragraph (d)(1) of this section.

(2) A migrant health center requires its physicians to obtain staff privileges at a community hospital. As a condition of obtaining such privileges, and thus being able to admit the center's patients to the hospital, the physicians must agree to provide occasional coverage of the hospital's emergency room. The Secretary would be authorized to determine that this coverage is necessary to facilitate the provision of services to the grantee's patients, and that it would therefore be covered by paragraph (d)(2) of this section.

(3) A homeless health services grantee makes arrangements with local community

providers for after-hours coverage of its patients. The grantee's physicians are required by their employment contracts to provide periodic cross-coverage for patients of these providers, in order to make this arrangement feasible. The Secretary may determine that the arrangement is within the scope of paragraph (d)(3) of this section.

42 C.F.R. §§ 6.5–6.6 (1995).

Regarding Regulation 6.6(d) and (e), it was recently clarified:

> We have decided that it would be impractical and burdensome to require a separate application and determination of coverage for the situations described in the examples set forth in 6.6(e). Accordingly, for the specific cases described in those examples, and discussed further below, the Department hereby determines that coverage is provided under 6.6(d), without the need for specific application. (This determination assumes, of course, that other requirements of coverage have been met, such as a determination that the entity is a covered entity and a determination that the individual is a covered individual. Furthermore, we reiterate the statement in the preamble to the final rule that acts or omissions by individuals that are not within the scope of employment, e.g., moonlighting activities, are not covered.)
>
> While the situations described below have hereby been determined to be within the scope of 6.6(d), covered entities may apply for specific determinations of coverage under that section. If, for example, the covered entity is unsure whether its particular arrangement falls within the scope of example 2, it may apply for a particularized determination as to that arrangement. Entities should be painstakingly exact in this regard. If any element of the activity or arrangement in question

does not fit squarely into the examples below, a particularized determination on coverage should be sought. As to situations that may fall within the scope of 6.6(d), but are not described in the three examples, covered entities are expected to apply for particularized determinations.

Notice Regarding the Federally Supported Health Centers Assistance Act of 1992, 60 Fed.Reg. 49,417, 49,418 (Sept. 25, 1995) (the "September 1995 Notice").

The letter deeming Circle Family Care to have satisfied § 233(h) is dated May 3, 1994. Although plaintiff received some treatment at Circle Family Care subsequent to that date, such treatment is not claimed to have been negligent. Plaintiff's claim against Circle Family Care and Shreve is based only on negligent acts or omissions that occurred prior to May 3, 1994. Regulation 6.6(a) makes clear that the date to consider is the date of the unlawful act or omission, not the date that the injury may become apparent or the date the claim may accrue for statute of limitations purposes.[3] This regulation is consistent with the statute which refers to "cause[s] of action arising from an act or omission" occurring on or after January 1, 1993 and before January 1, 1996. 42 U.S.C. § 233(g)(3). There are also a number of other references to "acts or omissions" and no indication that dates are to be measured from the date of injury or accrual. See Id. §§ 233(a), (i)(2), (k)(1)(A), (k)(3). See also id. § 233(c) (removal procedure requiring the Attorney General to certify that the defendant was acting within the scope of employment "at the time of the incident out of which the suit arose"). There is also nothing in the legislative history that is inconsistent with the Secretary's regulations. See H.R.Rep. No. 823(II), 102d Cong., 2d Sess. (1992), reprinted in 1992 U.S.C.C.A.N. 2627.[4] There is no claim against Circle Family Care or

---

**3.** Since the pertinent date is the date of treatment, it is unnecessary to consider Circle Family Care's contention that plaintiff's claim did not accrue until May 14, 1994 when she had the heart attack.

**4.** Legislation is pending in Congress that would extend the dates and scope of coverage of § 233. A legislative report accompanying that proposed legislation indicates the deeming procedure set

forth in the regulations is consistent with existing legislation. See H.R.Rep. No. 398, 104th Cong., 1st Sess. —— (Dec. 12, 1995), reprinted as 1995 WL 744796. The proposed legislation includes codifying a procedure for the Secretary to deem agencies to be covered by the FTCA and provides there is no coverage until after the deeming procedure has been completed.

Shreve based on an act or omission occurring May 3, 1994 or later. Therefore, the allegedly negligent conduct was not committed by a federal employee and there is no basis for considering plaintiff's claims against Circle Family Care and Shreve to be FTCA claims for which there is original federal jurisdiction.

Even if Circle Family Care and Shreve were federal employees as of the date of plaintiff's claims against them, the claims would still not be subject to the FTCA. The regulations limit coverage to care related to grant-supported activity. 42 C.F.R. § 6.6(d). Plaintiff contends Shreve provided care pursuant to plaintiff's insurance coverage that she had through her employment. Circle Family Care does not dispute this representation and makes no showing that plaintiff's care was related to grant-supported activity. There is also no contention that the care provided to plaintiff squarely falls under any example set forth in Regulation 6.6(e) or the September 1995 Notice or that plaintiff has obtained a determination by the Secretary that any of the requirements of Regulations 6.6(d)(1)–(3) are satisfied.[5] For this additional reason, plaintiff's claim is not one against federal employees to which the FTCA applies.

Since there are no claims for which this court has original jurisdiction, the removal was improvident. This case will be remanded to the Circuit Court of Cook County, Illinois. Plaintiff will be awarded its reasonable costs and attorney fees incurred as a result of the removal. *See* 28 U.S.C. § 1447(c). At least 10 days prior to submitting her cost and fee petition to the court, plaintiff shall serve her petition on Circle Family Care and seek to resolve any disputed amounts prior to filing the petition with the court. When filing the petition with the court, plaintiff shall represent either that Circle Family Care has no objections or shall set forth in good faith a summary of Circle Family Care's objections. Circle Family Care shall be cooperative in participating in

this process so that plaintiff's petition may be timely filed.

IT IS THEREFORE ORDERED that plaintiff's motion for remand [8–1] is granted. Ten days after the entry of this order, the Clerk of the Court shall remand this case to the Circuit Court of Cook County, Illinois pursuant to 28 U.S.C. § 1447(c). Plaintiff is awarded reasonable costs and attorney fees incurred as a result of the removal against defendant Circle Family Care. Plaintiff is granted until February 15, 1996 to file its petition for costs and fees.

---

**5.** The proposed legislation presently before Congress apparently would expand coverage to include treatment of patients in plaintiff's situation. *See* Proposed Federally Supported Health Centers Assistance Act of 1995 §§ 4, 7 contained in H.R.Rep. 398, *supra*. The report accompanying that proposed legislation recognizes that such coverage is an extension of what the current legislation covers. *See* H.R.Rep. 398, *supra*, at ——.