**J.L. McGUIRE & ASSOCS., Plaintiff,**

v.

**INNOVATIVE CERAMICS, INC., Defendant.**

No. 3:99CV7367.

United States District Court,
N.D. Ohio,
Eastern Division.

Aug. 26, 1999.

---

Daniel E. Shifflet, Law Offices of Daniel E. Shifflet, Marion, OH, for Plaintiff.

Christopher J. Minnillo, McCorkle & Minnillo, Columbus, OH, for Defendant.

## ORDER

CARR, District Judge.

This is a diversity case that has been removed from the Common Pleas Court of Marion County, Ohio. Pending is plaintiff's motion for remand. (Doc. 5). For the reasons that follow, the motion to remand shall be granted.

Suit was filed in state court on August 15, 1997. All defendants were served within approximately two weeks of filing of the complaint. Defendant Innovative Ceramics, Inc. (ICI) filed a motion to dismiss. That motion was not decided until March 31, 1999. Thereafter, ICI filed its removal motion.

■ According to the plaintiff, the removal motion was not timely because it was not filed, as required by 28 U.S.C. § 1446(b), within thirty days after the defendant received a copy of the complaint or service of summons, whichever is shorter.[1] In response, the defendant argues that its filing of a dismissal motion tolled the thirty day period for its removal motion, so that such period began to run again only after the state court denied its dismissal motion.

■ No provision for tolling of the thirty day period is to be found in § 1446. *Kurt Orban Co. v. Universal Shipping Corp.*, 301 F.Supp. 694 (D.Md.1969). The removal statute is to be strictly construed. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir.1994) (because federal courts are courts of limited subject matter jurisdiction, removal statutes are strictly construed).

■ Defendant has cited no authority for its argument that the pendency of its motion to dismiss in the state court allowed it to delay filing its notice of removal. As a general rule, pretrial objections or motions do not stay the period in which removal must be sought under § 1446(b). *Metcalf v. West Suburban Hosp.*, 912 F.Supp. 382 (N.D.Ill.1996) (dismissal of original complaint did not toll period for filing removal petition); *Capone v. Harris Corp.*, 694 F.Supp. 111, 112 (E.D.Pa.1988) (pendency of motion to open default judgment did not extend period in which defendants were entitled to petition for removal); *Davis v. Baer*, 599 F.Supp. 776, 778 (E.D.Pa.1984) (interposition of initial objections did not toll time for removal).

This approach makes sense. A federal court is as competent as a state court to decide issues raised by a motion to dismiss. To permit post-decision removal would countenance delay (such as occurred here, where the motion was pending for more eighteen months). Had removal been timely, it is highly likely that the dismissal motion would have been decided in a matter of weeks, and that the case, originally begun more than two years ago, would by now have been tried or otherwise resolved.

---

1. Defendant devotes considerable discussion to the provision of § 1446(b) which prohibits filing of a notice of removal more than a year after commencement of the action. This provision, which enables later-served or joined defendants to seek removal, is not applicable in this case, because all defendants were served shortly after the complaint was filed.

It has long been held that the right of removal "is given only to a defendant who promptly avails himself of the right at the time of appearance, by declining to plead and filing his petition for removal." *West v. Aurora City*, 73 U.S. 139, 142, 18 L.Ed. 819, 6 Wall. 139 (1867). By failing to be prompt, the defendant lost its right of removal.

■ Plaintiff seeks its costs and attorneys' fees incurred as a result of the improper removal. Under 28 U.S.C. § 1447(c), a federal court has discretion to make such award. I conclude that imposition of costs and fees on the defendant is proper, given the complete lack of case law in support of its untimely removal motion.

It is, therefore,

ORDERED THAT plaintiff's motion for remand (Doc. 5) be, and the same hereby is granted; plaintiff awarded its costs and attorneys' fees in the amount of $1,370; if said amount is not paid within two weeks of the date of this order, plaintiff to submit judgment entry, which shall include such additional costs and fees as may be incurred in the preparation of that document.

So ordered.